## J. H. PARKER ET AL. *v.* NANCY HARRISON.

PARTITION.  *Of two tracts of land.  After conveyances by tenants.  Cases in judgment.*
D. owned two separate tracts of land.  She died intestate, the land descending
to her three daughters, H., S., and M.  S. sold her interest in one tract to her
sister H., and in the other tract to one J.  M. also sold her interest in the
latter tract to J., and in the former to P.  H. filed a single bill against both
J. and P. for partition of the two tracts.  The defendants demurred to the
bill on the ground that "complainant and defendants are not joint tenants,
tenants in common, or coparceners" as to the land in controversy.  *Held,* that
H. having retained her interest in both tracts of land might proceed in a
single suit for partition of both tracts, as if no conveyance had been made by
any of her co-tenants.

APPEAL from the Chancery Court of Webster County.
HON. R. W. WILLIAMSON, Chancellor.

Nancy Harrison filed a bill for partition which set out in sub-
stance that Nicy Dyer, the mother of the petitioner, died seized in
fee of two tracts of land in Webster County; that she died intes-
tate, leaving three heirs, the petitioner herself, and Mary and
Sallie Porter; that Sallie Porter sold her interest in one of the
tracts to the petitioner and her interest in the other tract to James
Parker; that Samuel Parker claimed some sort of title to Mary's
interest in one of the tracts, and that H. G. Wilson claimed an
interest by virtue of some sort of a contract with Samuel Parker.
The bill made James Parker, Samuel Parker, and H. G. Wilson
defendants, and they demurred to the bill because the "com-
plainants and defendants are not joint tenants in common or
coparceners" of the two separate tracts of land described in the
bill of complaint.  The Chancellor overruled the demurrer, and
the defendants answered.

After a full hearing, the Chancellor found that the petitioner
and Mary and Sallie Porter became seized of the land in question
as tenants in common on the death of their mother, Nicy Dyer, but
that Mary and Sallie Porter had conveyed away their interests;
that the petitioner was entitled to one-third of one of the tracts and
to two-thirds of the other; that James Parker was entitled to a two-

63 Miss.—15

thirds interest in the one tract and Samuel Parker to a one-third interest in the other by right of purchase from Sallie and Mary Porter respectively, and that no one else had any interest in the land. And the court decreed that the land be sold and the proceeds be divided among the petitioner and Samuel and James Parker, in that proportion. Samuel and James Parker appealed.

*White & Fox,* for the appellants.

The principal cause of demurrer is that complainant and defendants are not tenants in common with each other of the lands described in the bill, James H. Parker having no interest in that portion of the land in which Samuel Parker is interested, and *vice-versa.*

It is our view of the law that a separate proceeding is necessary for the partition of each tract.

It is said in the case of *Pankey* v. *Howard,* 47 Miss., that the jurisdiction of the chancery court is defined by statute. In the same case the statute is construed by the supreme court. It is there held that "If there be several distinct, separate parcels, each must be held by the same tenants as coparceners' joint tenants, or tenants in common." Mr. Freeman in his work on Cotenancy and Partition, § 437, says : "Several tracts or parcels of land may together form the subject-matter of a single proceeding for compulsory partition. But in order to justify the union of several parcels in one suit each parcel must be owned by the same persons."

The same author, in § 548 of the same work, says: "A sale cannot be granted except under such circumstances as would have justified an actual partition." Two distinct parcels of land cannot be joined in one suit for partition unless the same persons are co-tenants of both tracts. Hence the court cannot order the sale of two distinct parcels of land in one suit unless the parties are cotenants of both tracts, *although the lands are adjacent,* and are so situate that they would together sell to better advantage than if sold separately. And as authority the case of *Pankey* v. *Howard, ubi supra,* is cited : The statute confines the remedy either for partition or sale to those who are joint tenants, tenants in common, or coparceners of the land. *Belew* v. *Jones,* 56 Miss. 344.

And in the same case it was held that "there must be a joint estate in the lands proposed to be divided or sold; if otherwise the statute does not apply." In this connection the case of *Pankey* v. *Howard, ubi supra,* is cited and approved.

*Sweatman, Trotter & Trotter,* for the appellee.

1. The first ground of the demurrer is: "Complainant and defendants are not joint tenants, tenants in common, or coparceners of the lands described in the bill of complaint."

The technical distinction between coparcenary and estates in common may be considered as essentially extinguished in the United States. 4 Kent's Coms. 367. The distinction between joint tenancy and tenants in common is also extinguished in Mississippi by statute (except in the cases specified as not coming within the statute). Code 1880, § 1197.

There is no question, then, that appellee and her two sisters were tenants in common. Then it is also true that appellee and alienees of the undivided interest of the two sisters are tenants in common. They can have no greater or different interest than their grantors. The appellee is entitled to partition under code. Code 1880, § 2553.

2. The court says, in 48 Miss. 563, that "when several subjects are introduced, if, as to the subject-matters and the relief, all the defendants are connected, though differently, with the entire subject in dispute, the bill is not multifarious. * * * If the complainants claim under one title they may join several defendants who claim the estate under distinct and separate purchasers of parcels of it." Citing *Roberts* v. *Starke,* 47 Miss.; 7 S. & M. 638-39; 5 C. 235.

CAMPBELL, J., delivered the opinion of the court.

The demurrer was rightly overruled. The complainant was a co-tenant of all of the lands sought to be partitioned, and brought before the court the alienees of her former co-tenants, so that their interests would be protected. Surely, they cannot successfully complain of this. It is the right of one of several co-tenants to convey his interest in the whole or a part of the joint estate, but this

shall not prejudice the rights of a co-tenant who has not aliened and desires to obtain partition.

It is not allowable for a co-tenant to split the joint estate into fragments, and necessitate as many separate suits for partition as there may be conveyances. He who has a joint interest in the several parcels may proceed as if no conveyance had been made by any of his co-tenants, and bring all parties in interest before the court, which will do justice between the parties according to their several rights. 1 Story's Eq. Jur., § 656c, 657.

We agree with the Chancellor in his conclusion upon the facts.

*Affirmed.*