## JOHN SCHUMACHER STATE BANK v. TSCHIEDEL.

No. 8478, Motion No. 8315.

Court of Civil Appeals of Texas. Austin.

March 25, 1936.

C. C. Jopling, of La Grange, for appellant.

Moss & Moss, of La Grange, for appellee.

**McCLENDON, Chief Justice.**

The First State Bank of Ellinger recovered a judgment for $215.15 against appellee, in his capacity as guardian of the estate of O. F. Tschiedel, non compos mentis, which judgment was certified to the probate court of Fayette county, where the estate was pending, and was duly allowed as a claim against the estate. There being no funds in the estate, appellant, as liquidator of the Ellinger Bank, applied to the probate court for an order requiring the guardian to sell sufficient property to pay the judgment. Upon hearing of this motion, it was found that the only asset of the estate consisted of a one-half undivided interest in 263 acres of land which was community property of the ward and his deceased wife, and was subject to the ward's homestead interest therein. The probate court ordered sale of the ward's half interest in the 63-acre excess over the homestead exemption. Upon appeal by the guardian to the district court, judgment was rendered setting aside the order upon the ground that, since the ward's half interest in the entire tract was less than 200 acres, his entire interest therein was exempt from sale for his debts. The instant appeal is from this judgment.

Appellee has filed a motion to dismiss the appeal upon the ground that the controversy has become moot by reason of the fact that, subsequently to the appeal herein, a judgment was rendered in the probate court of Fayette county adjudging (after due hearing, and trial to a jury) that O. F. Tschiedel has been restored to his right mind and ordering him discharged from further guardianship. Attached to the motion is a certified copy of this judgment and a certified copy of an order of said probate court approving the final account of the guardian, closing the estate, and discharging the guardian.

R.C.S. art. 4296, provides: "When the ward dies, or if a minor, arrives at the age of twenty-one years, or if a female, marries, or, if a person of unsound mind or habitual drunkard, is restored and discharged from guardianship, the guardianship shall be immediately settled and closed and the guardian discharged, as provided in this chapter."

■ This article gives to restoration to sanity and discharge from guardianship of a person non compos mentis the same effect upon the guardianship as that of death of the ward. It is now settled in this state that death of the ward terminates the power of the probate court to sell real estate to pay debts of the ward's estate. Easterline v. Bean, 121 Tex. 327, 49 S.W.(2d) 427; Alford v. Halbert, 74 Tex. 346, 12 S.W. 75.

■ It is manifest that the probate court has no jurisdiction to sell the property to pay the ward's debt; and, since this is the only relief which is sought or could be awarded in this proceeding, all questions involved in the appeal have become moot. Since, however, the trial court's judgment denies to appellant the

right to resort to the property in question in payment of its debt, the proper practice is to reverse the trial court's judgment and dismiss the proceeding without prejudice to the rights of any of the litigants. Danciger Oil & Ref. Co. v. Railroad Commission, 122 Tex. 243, 56 S.W.(2d) 1075; Teer v. McGann (Tex. Civ.App.) 65 S.W.(2d) 362. It is so ordered.

Judgment reversed, and proceedings dismissed without prejudice.