(No. 23416.—

CLARA LUCY EHRGOTT, Admx. *et al.* Appellees, *vs.* R. E. SEABORN, Appellant.

*Opinion filed April 24, 1936.*

L. T. GRAHAM, for appellant.

WILLIAMS & WILLIAMS, for appellees.

Mr. JUSTICE HERRICK delivered the opinion of the court:

Pursuant to an order of the county court of Pike county directing the administratrix, with will annexed, of the estate of John J. Jobe, deceased, to sell 305 acres of farm lands in that county to pay the debts of the testator, the administratrix, on October 5, 1935, offered the premises for sale. R. E. Seaborn bid therefor $7325, subject to a tax lien of about $185, and was declared the highest bidder.

The title to the lands, subject to being impressed with the indebtedness of the deceased, was, under the will, in equal parts in five devisees. Seaborn having theretofore purchased the interest of one of the devisees in the estate was, at the time of the sale, an owner of an undivided one-fifth interest in the land. The terms of the sale, as advertised pursuant to the court's order, were all cash or, at the purchaser's option, one-third of the purchase price in cash on the day of sale and two-thirds by note bearing six per cent interest, due one year after date, secured by mortgage upon the premises sold. The advertisement stated that "A deed for said premises will be delivered to the purchaser upon confirmation of said sale by the county court."

On October 9 the administratrix made her report of the sale showing that notice thereof was given by her in

due compliance with the order of sale, that the sale took place at the time and place mentioned in the advertisement and stating that according to her best knowledge the sale was fairly conducted, but, in her opinion, the fair cash value of the real estate was more than the sum bid at the sale and that upon a re-sale, the real estate would sell for a larger sum, which would be to the benefit of all persons interested in the estate. She asked the court to determine whether the sale should be disapproved and a re-sale ordered, or the sale approved and she be ordered to execute a deed for the premises.

Mrs. Ehrgott, the administratrix, is a daughter of the testator and the devisee under her father's will of a one-fifth interest in the real estate here involved. She and her two sisters, representing a three-fifths interest in the land, filed objections to the approval of the sale, supporting the objections with the written, signed offer of C. R. Howerton whereby he bound himself, on a re-sale of the premises, to bid $7950 therefor. His offer was accompanied by his two certified checks aggregating $2650, payable to the order of the administratrix, representing the one-third cash payment required on such bid.

Seaborn filed what he terms an answer to the report of sale. A hearing was had. The fair cash value of the real estate at the time of the sale, as shown by the record, ranged from the bid of $7325 to $10,000. The court found Howerton's offer was in a substantially increased amount for the premises, that it was to the interest of all parties interested in the real estate that the premises be re-sold, ordered the report of sale be disapproved, and that the administratrix re-advertise the premises and make a re-sale pursuant to the order of sale theretofore entered. From such order Seaborn prosecutes an appeal to this court.

The appellant urges that this court is committed to the doctrine that there should be stability in judicial sales in order that property may bring its full value, and while

the court has a broad discretion in approving or disapproving sales made subject to its approval, such discretion is not an arbitrary one and is always subject to review. The cases of *Bondurant* v. *Bondurant,* 251 Ill. 324, *Crist* v. *McCoy,* 287 id. 641, *Abbott* v. *Beebe,* 226 id. 417, *Quigley* v. *Breckenridge,* 180 id. 627, and other cases, are cited in support of the rule. We are in accord with the general principle announced, but the difficulty arises in the application of the rule to the facts in a given case.

The proceeding governing the sale of real estate to pay debts is purely a statutory one. The statute fixes the terms on which the real estate may be sold, requires the executor or administrator making such sale to file, in the office of the clerk of the court, a complete report of the sale and a general statement of the manner in which the terms of the decree of sale were executed and provides that "any person interested in the premises sold, and any creditor of the estate may * * * file exceptions to such report, and upon the hearing thereof the court may approve such report and confirm the sale, or disapprove the same and order the premises to be re-sold." Ill. State Bar Stat. 1935, chap. 3, par. 110, p. 61.

It is obvious from this statutory provision that it was the legislative intent to confer upon the court ordering the sale a very broad power in the supervision of sales made under its order, and, as an incident thereto, to approve or disapprove the report of a sale as in its judicial discretion it shall deem proper. In harmony with this view it has been established that even though the premises may be declared struck off to the highest bidder he thereby acquires no interest to or in the property, but his bid, in legal contemplation, is a mere offer to buy. (*Farmers and Mechanics Bank* v. *Griffith,* 352 Ill. 323; *Anderson* v. *Anderson,* 338 id. 309.) Unless the court confirms the report of sale there is no sale and neither the administrator nor the executor is bound. (*Anderson* v. *Anderson, su-*

*pra.*) From an application of these principles the rule emerges that the court is the real vendor and that the executor or administrator is merely its agent for the purpose of procuring offers of sale which the court, acting within its judicial discretion, may accept or reject. (*Farmers and Mechanics Bank* v. *Griffith, supra; Anderson* v. *Anderson, supra.*) From the fact that the court is the vendor the principle may further be evolved that sales of this character by virtue of the statute, are under the absolute control of the court ordering the sale, and such court may approve, or of its own motion disapprove, any sale, as in the exercise of its sound judicial discretion it may deem to be for the best interest of the parties concerned in the sale.

The appellant cites *Clegg* v. *Christensen,* 346 Ill. 314, as supporting the rule that mere inadequacy of price, in the absence of irregularity, fraud and unfairness, is no ground for refusing to confirm the report of sale. That aspect of that case was reviewed in *Farmers and Mechanics Bank* v. *Griffith, supra.* Without committing ourselves to a holding that such rule is applicable in this type of proceeding, we do find that there was here a material irregularity in the holding of the sale. The terms of sale under which the land was offered required a cash payment of either all cash or one-third of the purchase price on day of sale, as the buyer might elect. He apparently elected to pay one-third of his bid in cash but did not pay it. The report of sale shows that, by arrangement with the administratrix, he paid $2000 and took credit for $441.66 in his distributive share of the estate. This was not a compliance with the terms of the sale. In the absence of an order of the court to that effect the administratrix had no power to make this arrangement or to accept less than one-third of the highest cash bid. It was her duty acting as an officer of the court in conducting the sale of the premises to comply strictly with the order authorizing the sale. *Moore* v. *Sievers,* 336

Ill. 316; *Wilson* v. *Ford,* 190 id. 614; *Reynolds* v. *Wilson,* 15 id. 394.

This court has heretofore announced that failure of the purchaser to comply with his bid by not making the cash payment required until two days after the sale, is a substantial departure from the terms which required all cash to be paid on the day of sale and is sufficient, in connection with other irregularities, to warrant the court in disapproving the sale. (*Compton* v. *McCaffree,* 220 Ill. 137.) Among other cases holding that where the bidder fails to comply with the terms of the sale, the court is justified in refusing to approve it, are *Roberts* v. *Goodin,* 288 Ill. 561; *Wilson* v. *Ford, supra.*

The appellant was a party to the proceeding, knew the terms under which the land was ordered sold and was conclusively bound by that order. The result of the arrangement made by him with the administratrix was to secure an advantage to himself which another party would not have enjoyed had he been the highest bidder. The appellant also gained a partial distribution of his share in the assets of the estate in advance of the other beneficiaries, which was of benefit to him but not to them. In the situation presented, if the sale had been approved, he would have obtained for himself all the profit in the event he sold the premises at an advance. On a re-sale he, together with the other owners of the property, will each receive his proportionate share of the increase in the price. An advance of at least $625 is assured upon re-sale of the premises. While there were no minors or incompetents whose rights in the premises it was the duty of the court to protect in the sale, yet the administratrix, by reason of her position, could not lawfully buy the premises at the sale, either directly or indirectly.

The county court doubtless had that in mind when passing on the report of the sale. Unless an abuse is clearly shown in the exercise by the court of its discretion in re-

fusing to approve the sale, this court will not interfere. *Farmers and Mechanics Bank* v. *Griffith, supra; Anderson* v. *Anderson, supra; Worden* v. *Rayburn,* 313 Ill. 495; *Compton* v. *McCaffree, supra.*

We see no reason to disturb the order of the county court in disapproving the report of sale and ordering a re-sale of the premises, and that order is accordingly affirmed.

*Order affirmed.*