(No. 24900.—

WILLIAM H. BARNES, Appellant, *vs.* THE SWEDISH AMERICAN NATIONAL BANK OF ROCKFORD, Exr., *et al.* Appellees.

*Opinion filed February 22, 1939.*

WILLIAM H. BARNES, JR., for appellant.

KARL C. WILLIAMS, (J. PHILLIP DUNN, of counsel,) for appellees.

Mr. JUSTICE GUNN delivered the opinion of the court:

Appellant, William H. Barnes, was plaintiff in two suits filed in the circuit court of Winnebago county to partition land, one suit being designated No. 42381 and the other No. 42382, the tracts involved being referred to hereafter as tracts 1 and 2. Tract 1 was a strip of ground 1146.8 feet long and 16 feet wide, adjoining on the south the right-of-way of the Illinois Central Railroad track in Rockford, Illinois. Barnes owned three-fifths of this tract and appellees Ida May Peterson one-tenth, Ida May Peterson,

trustee, one-tenth, and the Ekstrom heirs one-twentieth, each. Tract 2, containing a trifle over 14 acres, was the same length and immediately south of tract 1. The plaintiff owned a two-fifths interest in tract 2, Ida May Peterson one-half, and Ida May Peterson, trustee, one-tenth.

A decree of partition of tract 1 was entered on March 22, 1938. It was O.K.'d by attorneys of appellees and the guardian *ad litem*. The commissioners made their report finding the property indivisible and appraised its value at $800, and a decree of sale was entered by the court for tract 1 on April 8, 1938. Attorneys for appellees were notified of the commissioners' report and of the proposed decree of sale which was O.K.'d by counsel for appellees and the guardian *ad litem*.

The decree of partition of tract 2 was entered by the court on March 22, 1938, and bears the approval mark of defendants' attorney. The commissioners appointed reported March 29, 1938, that the property was indivisible and fixed its value at $20,520. Attorneys for defendants were notified that plaintiff would apply for a decree of sale on April 8, and, upon obtaining five days' extension of time, defendants filed objections to the report and claimed that tract 2 was divisible. On May 23, the court overruled objections to the commissioners' report and decreed a sale as recommended by the commissioners.

Under the decree of sale the master in chancery advertised tract 1 and sold the same at public sale on April 30, 1938, to the plaintiff, William H. Barnes, for the sum of $540, being more than two-thirds of the appraised valuation, and reported such sale to the court on May 5, 1938, and on the same day the court approved and confirmed the sale and ordered the master to deliver a deed of conveyance to the purchaser. On the same day, attorney for plaintiff notified attorneys for defendants and the guardian *ad litem,* in writing, that on May 6 he would apply to the court for an order of distribution of the funds derived from

the sale. On May 10, Ida May Peterson filed a motion that the master's report of sale and master's deed, if any, be vacated and set aside, the motion being accompanied by a bid of $800 and a certified check to guarantee same. On May 13, Ida May Peterson, trustee, joined in the exceptions to the sale and the confirmation thereof. The principal dispute arose out of what occurred immediately after the decree of sale of tract 1 was entered by the judge. Ida May Peterson, in her motion, claimed, in substance, that she did not know there was going to be a sale of the premises ordered until after the court had ruled on the exceptions to the commissioners' report on tract 2, and that both tracts should be sold together, as the value of each was dependent upon the ownership being in the same person, and that she actually did not know of the sale on April 30. It is further claimed the sale was not held in compliance with the decree, in that notice was not given as required. This motion is not verified by Ida May Peterson, either individually or as trustee. The affidavits supporting the motion are made by her attorney, Philip Dunn, who stated, in substance, that on his appearance in both causes on April 8 he excepted to the commissioners' report on tract 2 and did not object to the report ordering sale on tract 1, and had the exceptions as to tract 2 set for hearing on May 2, and related the conversation between plaintiff's attorney and himself to be: "I understood there would be no judicial sale in said cause 45381 until after the hearing upon the objections to the report of the commissioners in said cause 45382, inasmuch as the principal parties in both suits were the same,—i. e., William H. Barnes and Ida May Peterson, individually and as trustee, and because the premises involved in each suit were contiguous and the value of each dependent upon ownership of the other; and that I conveyed the substance of said understanding to Karl C. Williams, attorney of record for said two defendants; that from and after April 8, 1938, I made no investigation of

the local newspapers or files in said cause 45381, believing, as aforesaid, that no sale would be had until at least after May 2, 1938, and because said partition proceedings had always been friendly." He also says he did not learn of the sale until May 5, when the notice to apply for decree of distribution was served. Williams, in substance, says that he relied upon the conversation with Dunn. There are further affidavits attached showing that tract 1 was worth more than the amount for which it sold, and that tract 2 would be diminished in value if tract 1 were owned by a different person. The guardian *ad litem* filed an affidavit that he was present when the decree of sale was entered for tract 1 and that he was with attorney Dunn and Barnes when the order was approved and that he was in the lawyer's room where the order of sale was submitted to both himself and Dunn and that nothing was said about not having a sale; that it was his understanding that there was to be a sale and that when plaintiff's lawyer left the room he said he was going to file the order with the clerk.

Barnes, in his affidavit, denies that anything was said about holding up the sale of tract 1 to await the proceedings on tract 2 or that he did anything to imply the sale would be postponed; that he took the order of sale as approved, left it with the clerk and requested him to have the judge sign it. The clerk of the master in chancery filed an affidavit as to the manner of advertising the sale and posting of notices, but no certificate of the publisher of the notice appears in the record.

On May 23, the court sustained exceptions to the sale of tract 1 and entered an order of resale of the premises. On the same day the court entered an order consolidating the two partition suits and ordered that they thereafter proceed under the title of 45381, which originally affected only tract 1, and provided, among other things: "Said two tracts shall first be offered for sale separately and then together and sold and struck off to the person or persons

bidding the highest total sum upon the alternative offers, the total sale price, however, not to be less than two-thirds of the combined appraised value." This order of consolidation appears to have been made on the court's own motion and no finding is made upon the question of fact raised between the attorneys with reference to postponing the sale of tract 1, nor upon whether the master followed the decree in making sale.

While the trustee's motion refers to certain charities, the decree in said cause for tract 1 finds: "Ida May Peterson, trustee under the last will and testament of Pehr August Peterson, deceased, is the owner of an undivided one-tenth interest; that all bequests and legacies were paid or provided for and the estate closed; that said interest is free and clear of any and all rights or liens in favor of the heirs, legatees, devisees, beneficiaries, testamentary trusts and creditors of Pehr August Peterson, deceased." The same finding is made in the decree of partition affecting tract 2.

Appellant assigns the following grounds of error, among other things: (1) The court exceeded its discretion in setting aside the sale of tract 1; (2) the court erred in consolidating the two causes, and (3) the court had no power to set aside the sale made under a consent decree.

It is claimed that the court was without power to consolidate the causes. The general rule, however, is that the power to consolidate causes in equity cases is implied and rests in the sound discretion of the court. (*Springer* v. *Kroeschell,* 161 Ill. 358; *Russell* v. *Chicago Trust and Savings Bank,* 139 id. 538; *Thielman* v. *Carr,* 75 id. 385.) The test is said to be if the actions can be joined in one complaint they can be consolidated. *Miles* v. *Danforth,* 37 Ill. 156.

The general rule, in partition, is that separate tracts of land held in co-tenancy may only be included in one partition suit where all the co-tenants are interested in all the tracts. (*Shoup* v. *Cummins,* 334 Ill. 539.) There is, how-

ever, an exception to this rule, and that is, partition of two or more parcels of real estate may be made in one proceeding if the title to all the parcels sought to be partitioned is derived from a co-tenancy as a common source of title, although some of the co-tenants, parties to the proceeding for partition, may be interested in only one or some of the parcels and not all. (*Shoup* v. *Cummins, supra; Middlecoff* v. *Cronise,* 155 Cal. 185; *Harlan* v. *Langham,* 69 Pa. St. 236; *Parker* v. *Harrison,* 63 Miss. 225; *Garrett* v. *Weinberg,* 43 S. C. 36; *Grady* v. *Maloso,* 92 Wis. 666, 66 N. W. 808; *Bigelow* v. *Littlefield,* 52 Me. 24; *Barnes* v. *Lynch,* 151 Mass. 510, 24 N. E. 783.) This exception is based on the doctrine that one co-tenant cannot, by a conveyance of his interest in a portion of the property held in common, prejudice the rights of his co-tenants; and the successors or grantee of such co-tenant, simply steps into the shoes of his grantor, subject to all the rights of the other co-tenants and their successors. For the purpose of partition, the whole property originally held in common with the co-tenants, whether consisting of one or a number of parcels, continues to be a unit—the subject matter of a single action—just as if no change in the ownership of any interest therein had occurred, and in such action the respective rights of all the parties interested, original co-tenants and successors, may be determined.

The record in this case shows that P. A. Peterson, Levin Faust, E. Ekstrom, Carl Anderson and C. E. Swenson, became tenants in common of the first tract, by deed of July 30, 1924, and the same persons became tenants in common of the second tract by deed dated March 20, 1920. Since such persons are the predecessors in title of the plaintiff in the two causes here involved, this case comes clearly within the exception noted in *Shoup* v. *Cummins, supra.* There was no error in consolidating the suits.

Appellant further claims that the circuit court abused its discretion in setting aside the sale and the order au-

thorizing the master in chancery to make a deed of tract 1. The circuit court did not set forth its reasons for setting them aside. We do not think the increased sum bid was alone sufficient nor do we believe that the affidavits of the parties with respect to the time of the sale of tract 1 amount to anything more than an ordinary misunderstanding between counsel, which, considered with the advanced bid, would not be sufficient to vacate a sale. We must presume, however, that the court examined the matters contained in the affidavit relative to the advisability of a joint sale, the misunderstanding between counsel, the adequacy of the bid, as well as the state of the record itself, and from a consideration of all these matters decided a resale was proper. The report of the master in chancery fails to show that the decree of sale was carried out as directed. The report does not show that the publication was had in a *secular newspaper of general* circulation, printed and published for at least six months prior to the first publication of the notice, as required by law. (Ill. Rev. Stat. 1937, chap. 100, par. 5.) It is true that the decree provides that publication shall be in some *public newspaper* printed and published in the county, but the statute above cited further provides that whenever a legal notice or publication is required by law, a newspaper of the character above specified is meant, and we must presume that was what was intended by the decree. Under the decree it was also necessary to post written or printed notices in five of the most public places in the neighborhood and vicinity of the premises, and the affidavit of the master in chancery's clerk does not show a compliance by posting in five of the most public places but, in truth, tends to the opposite, for its says: "That she posted in all eight notices, one at each of the following locations, said locations being less definite than usual by reason of the fact that the neighborhood and vicinity of the premises advertised for sale is an industrial area at the edge of the city and is sparsely populated but contains some manufac-

turing buildings and factories, but that some of the streets are not laid out in their logical and ordinary pattern as streets are usually laid out in other parts of the city." Eight places are specified, one being the bulletin board at the courthouse, but none of the eight places are specified in the affidavit to be "public places in the neighborhood and vicinity in which said premises are situated." There is nothing, so far as we can ascertain after a diligent examination of the record itself, to show that a description of the property was contained in the notices or in the publications. It is true that the master in chancery recites that he complied with the decree, but, upon objection, this general recitation has been held to be insufficient. (*Wilson* v. *Ford*, 190 Ill. 614.) This case holds that the presumption of law that the master performed his duty as to giving notice can not prevail over the proof furnished by the master's affidavit, and a number of authorities cited in the case support this view. In *Ehrgott* v. *Seaborn*, 363 Ill. 292, we held that, upon objection to sale, the terms of the decree must be strictly complied with, and, in *Moore* v. *Sievers*, 336 Ill. 316, that a sale would be set aside if the decree were not followed.

In *Ehrgott* v. *Seaborn, supra*, objections were made to an administratrix' sale both upon the ground of inadequacy of price and because of a failure to comply with the decree, and in discussing the authorities we held, in the absence of irregularity, fraud or unfairness, inadequacy of price alone was insufficient to vacate a sale, but added: "Without committing ourselves to a holding that such rule is applicable in this type of proceeding, we do find that there was here a material irregularity in holding the sale. * * * It was her [administratrix'] duty, acting as an officer of the court, in conducting the sale of the premises, to comply strictly with the order authorizing the sale."

With nothing in the order of the circuit court to indicate the ground upon which the sale was vacated we must presume that it was upon some sufficient ground appearing

in the record and we think that the state of the record, as just pointed out, warranted the court's action.

It is also urged that the decree of sale was a consent decree, and therefore the sale could not be set aside. If the authorities supporting this proposition were applicable they would only apply to the decree of sale, and not the making of the sale by the master or the order approving the sale, for it is not claimed such actions were consented to by defendants.

We believe, however, the decree directing a combined sale of both tracts does not sufficiently protect the respective parties to each proceeding as they are not the same nor are their interests the same. It was, however, proper to have the sales take place at the same time and place so that all the interested parties might have the opportunity to purchase both properties if they so desired. The tracts should be offered for sale and sold separately in the order of the filing of the suits, one sale following the other on the same day, upon such terms as the court may prescribe in its decree, and the money derived from each sale distributed among the parties found by the decree to be interested therein, and the costs equitably apportioned to each tract. For this reason the decree of the circuit court is reversed and the cause is remanded to the circuit court, but only for the purpose of correcting the decree of sale in the consolidated cause to conform with the suggestions contained herein.

In several places throughout appellees' brief reference is made to the beneficiaries of charitable trusts held in the name of Ida May Peterson, trustee, and authorities bearing upon interests of such persons cited. There is nothing in the record to justify these statements, as both decrees found, as pointed out above, that all rights of the heirs, legatees, devisees and beneficiaries of the trust have been paid or provided for. The result reached in this opinion is not because of such references but in spite of them.

*Reversed and remanded, with directions.*