No. 14,753.

People ex rel. Smith *v.* County Court of
Fremont County et al.
(102 P. [2d] 476)

Decided April 8, 1940.   Rehearing denied May 6, 1940.

Mr. CARLE WHITEHEAD, Mr. ALBERT L. VOGL, Mr. FRANK A. WACHOB, Mr. ORION W. LOCKE, for petitioner.

Messrs. STINEMEYER & STINEMEYER, Mr. BERNARD E. MADDEN, Mr. GEORGE M. CHERRIE, for parties in interest.

*In Department.*

MR. JUSTICE YOUNG delivered the opinion of the court.

THE petitioner seeks the exercise of our original jurisdiction to prohibit the county court of Fremont county and Kent L. Eldred, as judge of said court, and the district court of the state of Colorado in and for the county of Fremont and James L. Cooper, judge thereof, from exercising any jurisdiction over the property of petitioner or over claims heretofore filed in a proceeding in

the county court, entitled "Matter of the Estate of Will H. Smith, Mental Incompetent," other than to approve the final report of the conservatrix and to return petitioner's property to him, he having been legally adjudicated a mental incompetent prior to said proceedings and subsequently adjudicated restored to mental competency and released.

July 29, 1939, petitioner was adjudicated mentally incompetent and a conservatrix appointed. A large number of claims were filed. Some were allowed and others disallowed. All of the allowed claims excepting two, which it is conceded are now judgments against petitioner, were withdrawn. These two claims in judgment require no consideration.

November 8, 1939, petitioner was legally adjudicated restored to mental competency and released. December 9, 1939, was fixed for the settlement of the accounts of the conservatrix of which due notice was given. On this date the hearing was continued to December 21, 1939, at which time, due to the illness of the county judge of Fremont county, Honorable Hubert Glover sat in his stead. The conservatrix presented her final report and prayed for discharge. Petitioner filed his written approval of said report together with a written request that the prayer of discharge be granted and that the conservatrix return to him all his money and property remaining in her hands. By said writing petitioner acknowledged his personal liability for and agreed to assume payment of all lawful claims in said matter. Prior to December 21, 1939, all expenses of administration in said matter had been settled and paid or withdrawn or waived in order that the conservatrix might then be discharged.

On December 21, 1939, certain claimants with unallowed claims asked that their claims be adjudicated prior to the discharge of the conservatrix. To the granting of this request conservatrix objected on the ground that the county court had no jurisdiction and moved

that the said claims be dismissed without prejudice, which motion was denied, and one claim in excess of $2,000, herein referred to as the Hahn claim, was then set for hearing on January 9, 1940. A second claim in the sum of approximately $600, designated herein as the Klein claim, was set for hearing on January 10, 1940. A third claim in a sum in excess of $3,000, herein mentioned as the Jenkins claim, was set for hearing on January 11, 1940. All of the remaining unallowed claims were set for January 11, 1940, for resetting on said date. All of these settings were over the objection of the conservatrix on the ground of lack of jurisdiction. On this same date, December 21, 1939, and after the adjudication that petitioner was mentally competent, Judge Glover, sitting as aforesaid, entered an order prohibiting and restraining petitioner from in any manner interfering with said conservatrix in the performance of her duties or in the management or control of the estate, property, and affairs of petitioner.

On the dates set for the hearing thereof the claims of Hahn and Klein were allowed and the Jenkins claim, due to the illness of the claimant, was reset for January 30, 1940.

At this juncture petitioner applied to Honorable James L. Cooper, judge of the district court of Fremont county, for a writ of prohibition to restrain the said county court from proceeding further in the premises because of lack of its jurisdiction in the matter of the management and control of the petitioner and his property. An alternative writ issued and Judge Eldred, having recovered from his illness and resumed his duties, filed an answer to the writ admitting that his said court was without jurisdiction in the premises except to settle the accounts of the conservatrix and discharge her, and consenting that said writ of prohibition should issue if said district court should be so advised. After hearing, Judge Cooper refused to make the alternative writ permanent.

January 22, 1940, following the action of the district court as aforesaid, the conservatrix moved the county court for an order nunc pro tunc as of December 21, 1939, approving her final report and discharging her as conservatrix. She also moved the court for an order vacating and holding for naught the orders allowing the Hahn and Klein claims and continuing the Jenkins claim for hearing on January 30. Conservatrix moved further for an order nunc pro tunc as of December 21, 1939, disallowing all other claims without prejudice to the rights of claimants to proceed against petitioner individually. Said motions were based upon the ground that the said county court had no jurisdiction in the premises excepting to settle the accounts of the conservatrix, and that its jurisdiction to do other than this ceased and terminated on November 8, 1939, the date of the adjudication of petitioner's restoration to competency. The attorneys for the various claimants filed a motion for a change of judge alleging that Judge Eldred was disqualified because of his answer to the aforesaid writ of prohibition from the district court, in which he had stated that he had no jurisdiction in the premises other than as heretofore stated. The motion was granted and Honorable I. E. Jones, county judge of El Paso county, was called in to preside at the hearing of said motion and, January 30, 1940, he denied the same on the ground that the questions involved had been passed upon by the court with Honorable Hubert Glover sitting as judge and that he, as a coordinate judge in the same court, had no power to overrule the decisions of Judge Glover.

On February 7, 1940, Judge Eldred, of his own motion, examined the files and records of his court and made and entered an order therein wherein he found that the jurisdiction of the county court over petitioner and his property and affairs ceased and determined with the restoration of petitioner to mental competency November 8, 1939, except that the county court retained jurisdiction to settle the accounts of the conservatrix.

He further found that a final report of the conservatrix had been filed on December 21, 1939, that it had been approved in writing by petitioner, and it thereupon was ordered that the said report be approved; that the conservatrix turn over to petitioner the money and property of his estate remaining in her hands; and that upon so doing and filing a receipt therefor she be discharged. It was further ordered that all orders and proceedings in said matter entered and had since the 9th day of November, 1939, be vacated and held for naught. The order having been entered on the court's own motion, it was provided that any objections thereto filed on or before the 13th day of February would be considered by the court, whereupon notice of the entry of the order was mailed to all parties in interest.

On February 13 objections and exceptions to said order were filed by the attorneys representing claimants Hahn, Jenkins, and Klein, and the two claimants whose accounts had been allowed. Hearing on these objections was set for February 16, 1940, at eleven o'clock, but prior thereto the attorney representing Klein procured and caused to be served upon Judge Eldred a writ of certiorari issued out of the district court of Fremont county in the name of the people on the relation of Henry Klein and Gwendolyn A. Klein ordering said county court to certify to the district court all of the records in the Matter of the Estate of Will H. Smith, Mental Incompetent, and to cease and desist from any further proceedings therein. February 21, 1940, after hearing arguments in the certiorari proceeding in the district court an order was entered vacating the order entered by the county court on February 7, 1940, on the ground that by calling in Judge Jones as hereinabove recited, Judge Eldred had disqualified himself, had no authority in law, and was without jurisdiction to make and enter said order and judgment. Sixty days were allowed for a bill of exceptions and execution of said judgment of the district court was stayed for 30 days.

■■ The fundamental issue underlying all others involved in these complicated proceedings is whether the county court, upon the restoration of petitioner's competency, had jurisdiction to do anything more than settle the accounts of the conservatrix and restore to petitioner the control of his property. If such was the limit of the county court's jurisdiction under those conditions, then any orders made attempting to control the property, burden it, or to impose any judgment obligation on petitioner on account of matters prior to his adjudication as an incompetent were void and of no force or effect. We are of the opinion that such was the limit of the county court's jurisdiction. The following citations of authority support this view: '35 C.S.A., c. 105, §§10, 18; 32 C.J., p. 667, §297; 32 C.J., p. 677, §336; 32 C.J., p. 690, §378; 32 C.J., p. 691, §379; 32 C.J., p. 693, §383; 14 R.C.L., p. 573, §25; *Probate Judge v. Stevenson,* 55 Mich. 320, 21 N.W. 348; *Berkin v. Marsh,* 18 Mont. 152, 44 Pac. 528, 56 A.S.R. 565; *John Schumacher State Bank v. Tschiedel* (Tex.), 92 S.W. (2d) 571; *Scott v. McNeal,* 154 U.S. 34, 14 Sup. Ct. 1108, 38 L. Ed. 896. All acts of the court outside such jurisdiction were not only voidable but void. The county court had authority to settle the accounts of conservatrix, discharge her, and turn the property over to petitioner. This was done by Judge Eldred's order of February 7. Having thus proceeded, having jurisdiction to do that and nothing more, any acts either he or any other judge sitting for him might have attempted to perform were beyond the court's jurisdiction and of no effect. It necessarily follows that the district court in the proceeding in certiorari, in setting aside the said order of the county court of February 7, did not restrain the county court from exercising jurisdiction in excess of its authority or from greatly abusing its discretion, which is the function of certiorari ('35 C.S.A., vol. 1, c. 29, §§331, 332, 338), but restrained it from entering the only orders which it

could lawfully make in the exercise of its jurisdictional powers.

For the foregoing reasons we are of the opinion that our jurisdiction in prohibition was properly invoked. It is ordered, therefore, that the county court of Fremont county and Honorable Kent L. Eldred, judge thereof, be prohibited from doing any further act, conducting further proceedings or entering any orders in the "Matter of the Estate of Will H. Smith, Mental Incompetent" except as follows:

1. To approve the final report of Louise A. Smith, conservatrix, filed December 21, 1939, approved by petitioner Will H. Smith on the same day, and to discharge said conservatrix and the sureties on her bond upon filing of a receipt of Will H. Smith for the money and property belonging to him and shown by said report to be in the hands of said conservatrix.

2. To disallow, without prejudice to any right of the claimants against Will H. Smith, any and all claims filed in said matter which accrued prior to July 29, 1939, and which remained unallowed on November 9, 1939.

3. To vacate and set aside all orders entered in said matter in and by said court, by any judge sitting therein, after December 21, 1939, excepting only the order entered by Honorable Kent L. Eldred, county judge, on February 7, 1940, approving said report and closing estate.

That the district court sitting in and for Fremont county, Colorado, and Honorable James L. Cooper as judge thereof, be prohibited from taking further action in the certiorari proceeding now pending in said district court, wherein Henry I. Klein and Gwendolyn A. Klein are relators and the county court of Fremont county is respondent, other than the following, to wit:

1. To vacate and set aside the order entered in and by said district court on February 21, 1940, purporting to vacate the county court order entered February 7,

1940, in the Matter of the Estate of Will H. Smith, Mental Incompetent; and

2. To retransmit to the county court of Fremont county, Colorado, all of the files and records of said county court transmitted to said district court in response to said writ of certiorari.

MR. CHIEF JUSTICE HILLIARD and MR. JUSTICE KNOUS concur.