In re Conservatorship Estate of Herman R. Hire, Incompetent. (Bessie L. Hire, Conservatrix of Estate of Herman R. Hire, Incompetent, Appellant), v. Robert B. Hrudicka, Appellee.

Gen. No. 9,596.

Opinion filed April 12, 1941. Rehearing denied May 7, 1941.

JAMES H. ANDREWS, HARPER ANDREWS and GREGG A. YOUNG, all of Kewanee, for appellant.

JOHN F. GARNER, of QUINCY, and ROSWELL B. O'HARRA, of Macomb for appellee.

MR. JUSTICE HUFFMAN delivered the opinion of the court.

Appellant Bessie L. Hire was appointed conservatrix of the estate of Herman R. Hire in November, 1937. In December of that year she filed her petition in the county court of Henry county under sections 54 and 55 of ch. 86, Ill. Rev. Stat. 1939 [Jones Ill. Stats. Ann. 77.156, 77.157], for citation against appellee to compel him to disclose and turn over property in his possession belonging to the ward. The county court found that appellee had converted to his own use property and money of the ward to the amount of $8,154.45 and entered judgment accordingly. Appeal was taken by appellee from that judgment to the circuit court of Henry county. Subsequently and on February 19, 1939, the ward died. Appellee then moved the court to dismiss the cause on the ground that appellant as conservatrix, could no longer maintain the action; and that upon the death of the ward, the same abated so far as appellant's right to further prosecute such action. The motion of appellee was allowed and the court ordered the suit to abate. Appellant prosecutes this appeal from the order of the court sustaining appellee's motion, and its judgment abating the suit. It will be observed that this case is to be considered under the statute as it existed prior to the Probate Act which became effective January 1, 1940.

Appellee has filed his motion in this court to dismiss the appeal, which motion is based upon the same

ground contained in his motion in the trial court. Therefore the motion filed in this court has been taken with the case.

The question presented by this appeal is, whether the appellant can maintain this action against appellee, following the death of her ward.

It is insisted by appellee that upon the death of the ward all powers and authority of a conservator or guardian cease and determine, and that such relationship can only continue for the purpose of permitting a final settlement of the ward's account. It is insisted by appellant that it was the legislative intent that a conservator might maintain an action such as this and that it did not abate upon the death of the ward.

We do not find where this precise question has been before a court of review in this State. However, the rule is general, that on the restoration of a lunatic or person of unsound mind to reason, the occasion for the interference of the State with their affairs ceases and such person has the right to be put in possession of his property, and to demand discontinuance of the guardianship over him, and in such case, the court will restore such person to his condition *sui juris* and order the guardian or conservator to deliver and pay to him all money and property which he may have, or to which the ward may be entitled.

The guardianship also terminates with the death of the lunatic; and the only power which the court retains over the guardian or conservator in such case is, as in case of the termination of the guardianship by the restoration of the ward, to compel an accounting and delivery of the property of the ward.

Situations arising from a restoration or death of the ward are commonly provided for by statute. We find that sec. 9 of the Conservator Act of this State (ch. 86, Ill. Rev. Stat. 1939 [Jones Ill. Stats. Ann. 77.111]), provides when a conservator may make final settlement and distribution of the estate upon the

death of his ward. The provisions of this section are the same in all material respects as the provisions of sec. 16 of ch. 64 of the statute having to do with final settlement of a deceased ward's estate by a guardian. And in this respect, the Supreme Court in the case of *Whittemore v. Coleman,* 239 Ill. 450, at page 453, states that the death of a ward puts an end to the guardianship, and that such relationship can only be regarded as continuing for the purpose of making a final settlement of the guardian's account.

We come now to a consideration of the question to be determined. A guardian or conservator under the statute is clothed only with the power to manage and control the estate of his ward. The persons beneficially interested in the ward's estate are not a part of the guardianship and the conservator has no appointment to represent them. The death of the ward terminates the guardian or conservator's authority to deal with the estate of the ward other than to make final accounting, settlement and distribution to those beneficially interested as directed by the court, under the statute. He has no right to interfere with the property of the estate on behalf of the heirs. After the death of his ward, his liability continues to account for the funds and property of the estate, but other than this, his duties cease and are at an end.

The trust relationship must be considered as having terminated, being extinguished by the death of the ward, and the only continuing duty on the part of the guardian or conservator is his liability to account for his ward's estate and to make delivery and distribution of same as directed by the court under the statute.

It is urged by appellant that the action survives by virtue of section 10 of the Abatement Act (ch. 1, sec. 10, Ill. Rev. Stat. 1939 [Jones Ill. Stats. Ann. 107.010]). This section provides that when there is but one plaintiff, and he shall die before final judgment, that the

action shall not, on that account, abate, "if the cause of action survive to the heir, devisee, executor or administrator of such decedent  .  .  .  ."

In the case of *Harvey v. Harvey,* 87 Ill. 54, there was involved a proceeding with reference to a guardian somewhat similar to this. It is there said that such a proceeding is not regarded as either a suit at law or a suit in equity; that it is a summary proceeding against the guardian personally to compel an accounting; that it is merely a mode provided to ascertain the sum for which such guardian is chargeable in the probate court, and is the proper mode, in most cases, to lay a foundation for proceedings against the sureties upon the guardian's bond. It was there held upon the death of the guardian that a citation proceeding which had been commenced in the county court resulting in a judgment against the guardian, and by him appealed to the circuit court, abated upon the death of such guardian pending such appeal. The reason assigned was, that citation proceedings were summary in character and directed toward the guardian; and that they could not be maintained against his personal representative because such remedy could not be maintained originally against the executor of a guardian, and therefore the action was not such as would survive.

Again in the case of *Kingsberry v. Hutton,* 140 Ill. 603, it is said that if a guardian does not perform his duty toward accounting for his ward's property without compulsion, the court may compel him to do so, but that where the settlement is made under compulsion, it is neither an action at law nor a suit in equity, but the exercise of a summary power conferred upon the court, and that the finding of the probate court in such a proceeding is not a judgment against the guardian; that it is a summary proceeding against him personally; that the court has power to require him to perform by delivering over the property, funds and other effects belonging to the ward, and upon his

failure, has power to compel the performance of such duty only in the mode provided by statute, that is, by committing such guardian to jail until the order is complied with.

Also we find that the proceeding instituted by appellant in this case is one of purely statutory origin. Actions created by statute do not survive unless so provided by the statute itself, or unless provision for their survival is made by some other statute. *Wilcox v. Bierd,* 330 Ill. 571; *Glos v. Glos,* 341 Ill. 447; *Dempster v. Lansingh,* 166 Ill. App. 261.

We are of the opinion the court properly ordered the suit to abate. The judgment is therefore affirmed.

*Judgment affirmed.*