(No. 34406.—

THEODORE HOFF, Conservator, *et al.*, Appellees. *vs.* LAURA MEIRINK, Appellant.

*Opinion filed September 20, 1957.*

House, J., dissenting.

James H. Donnewald, of Breese, and Dremen and Sterling, of Belleville, for appellant.

Craig & Craig, of Mt. Vernon, for appellee.

Mr. Justice Schaefer delivered the opinion of the court:

On May 23, 1945, Laura Meirink was adjudged mentally ill by the county court of St. Clair County. On August 8, 1956, the county court of Macoupin County appointed Theodore Hoff as conservator of her person and estate,

pursuant to section 113(b) of the Probate Act. (Ill. Rev. Stat. 1955, chap. 3, par. 265(b).) She owned a one-fourth interest in a parcel of real estate, and the court authorized the conservator to sell, at public sale, her interest in the right to drill for and obtain coal, oil, gas and other minerals underlying that land. The sale took place on September 10 and her interest was sold to E. A. Obering. The conservator filed his report of sale on September 17.

On September 18, 1956, the county court of St. Clair County entered an order finding that Laura Meirink had recovered from her mental illness and was capable of managing her own property. The order restored her to all her civil rights. On September 19, 1956, she filed a petition for revocation of the letters of conservatorship in the county court of Macoupin County, pursuant to section 128 of the Probate Act (Ill. Rev. Stat. 1955, chap. 3, par. 280.) On October 23, 1956, before ruling on the petition for revocation, the county court of Macoupin County entered an order approving the report of sale filed on September 17, 1956. Immediately thereafter it entered an order revoking the letters of conservatorship. Laura Meirink's motion to vacate the order approving the report of sale was denied on November 21, 1956, and she appeals directly to this court. A freehold is involved. Cf. *Peters* v. *Peters,* 405 Ill. 507, with *Anderson* v. *Anderson,* 338 Ill. 309. See: *Barnard* v. *Michael,* 392 Ill. 130.

She attacks the order approving the report of sale on the ground that the court was without jurisdiction to enter such an order after her restoration. She contends that section 128 of the Probate Act required the county court of Macoupin County to revoke Hoff's letters of conservatorship, and that after her restoration that section limited the jurisdiction of the court to proceedings looking toward the settlement of the conservator's accounts and the restoration of the property to the ward. Obering, the purchaser at the sale, maintains that restoration to competency does

not *ipso facto* terminate the conservatorship, pointing out that sections 129 and 130 of the Probate Act (Ill. Rev. Stat. 1955, chap. 3, pars. 281, 282,) require the restored ward to file a petition to revoke the letters of conservatorship and to give notice to the conservator and any other interested party, and also provide for a hearing before the order of revocation is entered. In addition, he directs attention to section 312 of the Probate Act, which provides that the office of the conservator terminates (1) when the ward dies, (2) when the letters of the conservator are revoked and (3) when the conservator dies. Ill. Rev. Stat. 1955, chap. 3, par. 466.

While it is clear that a restoration to competency does not *ipso facto* terminate the office of the conservator, it by no means follows that the probate court can continue to exercise its supervisory power over the property of the ward after the ward has been restored to competency and until the conservator's office terminates. Indeed, serious constitutional questions would be presented by a statute that provided for the exercise of supervisory power after the ward's disability had been removed. We find no such provision in the Probate Act.

The provisions for a petition and for notice and hearing prior to revocation of letters of conservatorship look toward a settlement of the personal rights and liabilities of the parties; they can not reasonably be construed to authorize continued State interference with the property rights of the restored ward. (Cf. *People ex rel. Smith* v. *County Court of Fremont County,* 106 Colo. 95, 102 P.2d 476; *In re Hires' Estate,* 309 Ill. App. 566, 568.) In the case before us it was the order approving the sale that deprived the ward of her property. Until that time there was no sale and even the highest bid "is a mere offer to buy." (*Ehrgott* v. *Seaborn,* 363 Ill. 292, 295.) The court was without authority to approve the sale after the fact of restoration had been brought to its attention.

The orders of the county court of Macoupin County approving the report of sale and denying plaintiff's motion to vacate the approval are reversed.

*Orders reversed.*

Mr. JUSTICE HOUSE, dissenting:

I cannot agree with the result reached by the majority. Section 128 of the Probate Act (Ill. Rev. Stat. 1955, chap. 3, par. 280) provides for the filing of a petition for revocation and section 130 of such act (par. 282) directs notice and a hearing thereon. To say that the court has no jurisdiction between the time of filing the petition and the final hearing resulting in the order of discharge reads into the statute something which is not there. It is a clear attempt to legislate.

A petition to sell the right to drill through the instrumentality of an oil-and-gas lease was filed, an order to sell had been entered, the public sale had been held, the lease had been duly bid in and the sale reported, all before the filing of the petition for revocation of the conservator's letters. The only thing remaining to be done was the formal approval of the sale, after the expiration of the statutory period for the filing of objections. No objections were filed to the report of sale within the period provided by statute nor was there any charge of fraud, overreaching or inadequacy of consideration.

The case of *Ehrgott* v. *Seaborn,* 363 Ill. 292, is no authority for the holding in this cause, but merely followed the rule that there is no sale until approval of the report of sale. In that case the sale had been made and a report of sale filed. Objections followed and it was shown that a substantially increased offer had been made. The court found that it was to the interest of the parties that the premises be resold, disapproved the report and ordered a resale. It should be noted that the procedure there followed was in accordance with the statute.

I am of the opinion that the court had not only the power, but the duty, to complete the transaction rather than let it dangle in midair by revoking letters. If objections were filed they should have been passed on. If no objections were filed, then it was the duty of the court, as it did, to enter the order approving the sale.

The court retained jurisdiction until the conservator's office was terminated. Section 287 of the Probate Act (par. 441) specifically provides that all acts of a personal representative done according to law prior to revocation of letters are valid. It seems to me that in the absence of fraud or inadequacy of consideration, and none is alleged or proved, the order entered by the county court was entirely proper and should have been affirmed.