In the Matter of the Estate of Carl L. Ekiss,
Incompetent.
The Citizens National Bank of Decatur, Illinois, Pe-
titioner-Appellee, v. Carl L. Ekiss, Respondent-
Appellant.

Gen. No. 10,413.

Third District.

February 26, 1963.

1

Garman, Greanias & Owen, of Decatur, for appellant.

Webber, Webber & Welsh, of Decatur (Richard Welsh, of counsel), for appellee.

REYNOLDS, P. J.

Carl L. Ekiss was adjudged mentally ill on July 15, 1959 and committed to the Jacksonville State Hos-

pital. On February 19, 1960, Tessie B. Ekiss, his wife, filed her petition in the County Court of Macon County, asking the appointment of the Citizens National Bank of Decatur, Illinois as the conservator of his estate, and the bank was appointed, filed its written acceptance of the appointment and letters of conservatorship issued to it. On March 8, 1960, the conservator bank filed a petition for leave to transfer shares of stock of Decatur Rock & Asphalt Co., a Delaware corporation, alleging: The ward was the owner of fifty per cent (50%) of the stock outstanding of said corporation; the corporation owned a large amount of equipment that was not being used or had not been used for over a year last past; an offer of $15,000 had been received for the equipment, which was a fair price; it was for the best interests of the estate for the equipment to be sold for the price offered, and petitioning that the conservator bank be authorized to transfer the stock to its name as conservator and to vote the shares of stock in favor of the sale. This petition was never acted upon by the Court. On April 11, 1961, the conservator bank filed its final report, showing nothing received and nothing paid out. The final report recited that on September 14, 1960, an order of restoration was entered in the County Court of Sangamon County, restoring said Carl L. Ekiss to all civil rights. Hearing on the final account was set for May 9, 1961, which was continued to May 23, 1961. On May 22, 1961, Carl L. Ekiss, filed his petition asking that the conservator bank be required to file an inventory in the estate. This petition was set for trial for June 7, 1961, and was afterwards continued from time to time until November 21, 1961: On November 15, 1961, Carl L. Ekiss filed his exceptions to the final account of the conservator on the grounds that the conservator had failed to take charge of the incompetent's estate, had failed to file an inventory,

3

had filed a petition for authority to transfer certain stock certificates and for authority to sell personal property of the ward, that no accounting of said property had been made, that the bank had entered into a contract for sale of personal property without court authority and had failed to account for the proceeds of such sale, or for any damage to the ward's estate resulting from said sale. The court on November 21, 1961, allowed a motion by the conservator bank to dismiss its petition of March 8, 1960 to transfer the stock of a corporation and to sell chattel property. The objections to the final account were overruled, the conservator discharged, and its bond released. On the same day, November 21, 1961, the conservator bank filed an inventory.

The only evidence introduced in the hearing before the County Court was the testimony of Fletcher C. Ransom, Vice President and Trust Officer of the bank. His undisputed testimony was that no inventory had been filed, and that the bank had not at any time had possession of the shares of stock. This witness admitted signing for the bank, with Tessie B. Ekiss, a contract of sale of certain personal property. This property was not identified and while a purported copy was shown to him, it was not identified and was not introduced in evidence.

There seems to be nothing in dispute. The bank did not file an inventory until the day it was discharged and its final account approved. That inventory listed as real and personal estate and of causes of action of said estate, so far as the same had come to the knowledge of the undersigned Conservator of said Estate, the Fifty (50) per cent of the shares of stock outstanding in Decatur Rock & Asphalt Co., a Delaware corporation. Carl L. Ekiss was restored to reason and his civil rights on September 14, 1960 by the County Court of Sangamon County. The certifi-

4

cates of stock in the Decatur Rock & Asphalt Co. were never in the hands of the bank. The bank received nothing and paid out nothing.

The ward Ekiss' theory is that the court erred in approving the final report and discharging the bank, when it failed to account for the property of the ward, or failed to charge itself with waste resulting from the sale agreement entered into without court approval, and for negligent handling of the estate. The bank contends that the only issue before the trial court was the approval or disapproval of the final account, and if there has been mismanagement or waste, or failure to account, suit on its bond is the proper remedy.

█ There is no question that the conservator had a duty to file an inventory. Illinois Revised Statutes, Chapter 3, Section 323 provides that within sixty days after appointment the conservator shall file with the clerk of the court a verified inventory of the real and personal estate which has come to his knowledge and of any cause of action on which he has a right to sue. Admittedly this was not done, until the day of approval of the final account.

It is also undisputed that the bank with Mrs. Ekiss on June 22, 1960, entered into a conditional sales contract, without court approval, for the sale of certain personal property owned by the Decatur Rock & Asphalt Co., a corporation, the bank officers being of the belief that the ward owned fifty per cent of the shares of stock of said corporation outstanding. The statement of Mr. Rosenberg, which was not questioned, shows that Mr. Ekiss, before he was restored to reason and his civil rights, and Mrs. Ekiss, who was competent at all times, arranged the sale; that the bank advised against the sale; that at all times during the negotiations for sale, while not legally restored to reason and his civil rights, Mr. Ekiss was, to all intents

5

and purposes pursuing his normal pursuits and had a business; that he, Mr. Rosenberg, persuaded the bank's officer, Mr. Ransom, to sign the sales agreement, expecting that if the sale was satisfactory, the court could be petitioned to approve it; that the sale was handled by Ekiss personally.

██ The point made by the ward, that the restoration of the ward did not relieve the conservator of the duty to account for the ward's estate, is correct. Conservators serve in the same fiduciary capacity as trustees. Nonnast v. Northern Trust Co., 374 Ill 248, 261, 29 NE2d 251. The law confers upon a conservator certain powers and charges him with certain duties. The relation of trustee and cestui que trust, upon his appointment as conservator, is at once created between him and his ward. Lewis v. Hill, 387 Ill 542, 545, 56 NE2d 619.

██ A county or probate court, in adjusting the accounts of administrators and guardians on final settlement, may properly exercise all the powers of a court of equity, and may review, set aside or modify previous judgments allowing claims against the estate and require the final report to be surcharged with all matters improperly allowed by previous orders. Marshall v. Coleman, 187 Ill 556, 58 NE 628; Whittemore v. Coleman, 239 Ill 450, 88 NE 228.

██ In this matter there can be no question that the conservator bank or its attorneys were lax. But, considering all these matters, the duty of the conservator to account, the fiduciary relationship, the failure to file the inventory until the day of final account, the signing of an unauthorized sales contract by the bank, the fact remains that the bank received no assets of the estate at any time and if the objections to the final report were allowed and the bank ordered to make a new and corrected report, the end result would be the same, namely, the bank as con-

servator would have to report that it received nothing, paid out nothing and has nothing belonging to the ward in its possession. The ward was restored to reason and his civil rights. The trust relationship was thereby terminated and the only continuing duty on the part of the conservator was to account for its ward's estate and to make delivery of the same as directed by the court. In re Conservatorship Estate of Hire, 309 Ill App 566, 569, 33 NE2d 652. There being nothing to account for and deliver, the action of the trial court approving the final account was proper and should not be disturbed by this court.

■ If there has been mismanagement or if there has been waste of the ward's estate, there is an adequate remedy. Chapter 3, Section 472, Illinois Revised Statutes (1959) provides that a conservator and the surety on his bond are liable to a ward for any mismanagement of the estate of his ward committed to his care, and the ward may institute and maintain an action against the conservator and the surety on his bond for all money and property which have come into his possession and are withheld or may have been wasted, embezzled or misapplied and no satisfaction made therefor.

■ The final account presents only a single issue, namely, is the report a just and true account of the funds and estate which came into its hands. And it having received nothing and so reported to the court, the final account was properly approved.

Judgment affirmed.

CARROLL and ROETH, JJ., concur.