White et al. v. Davis.

———◆———

Mrs. Johnnie White and W. S. Mathews, Administrators of William T. White, Respondents, *v.* Ephraim Davis, Appellant.

1. *Sheriff's deed — Title conveyed by.—* A sheriff's deed operates only on the existing title, and does not pass a subsequently acquired title.

*Appeal from Pettis Court of Common Pleas.*

*H. B. Johnson* and *James S. Botsford*, for appellant.

*F. P. Wright*, for respondents.

Adams, Judge, delivered the opinion of the court.

This was a suit for partition. The answer denied that plaintiff had any title in common or otherwise with defendant. The plaintiff, to maintain his case, introduced a sheriff's deed made to him in 1869, on a judgment and execution against H. L. Maynard,

and then introduced a deed purporting to have been made in 1867, by J. W. Harding and wife, to the defendant Davis and the said H. L. Maynard. But the evidence in reference to this deed was that in July, 1867, Davis and Maynard, with Harding, applied to A. O. Crandall, an attorney at law in Sedalia, to draw the deed, which he did; and Harding, who lived in Cass county, was to have the deed properly executed and acknowledged and sent back to Crandall, to be delivered to Davis and Maynard. Harding took the deed and had it acknowledged before a justice of the peace in Cass county, and sent it back to Crandall. As it was not properly acknowledged, it would not be received as duly executed, and the deed remained in this incomplete state for some two years in the hands of Crandall. After the plaintiff made his execution purchase, he applied to Crandall for this deed, and Crandall gave it to him to be returned to him, which he promised to do. He took the deed to Cass county, and procured Harding and wife to make their acknowledgment before the proper officer. He did not, however, return it to Crandall, but had it recorded, and when so recorded it was delivered back to plaintiff by the recorder and produced by him on the trial of the case.

It is manifest from this evidence that there was no complete execution or delivery of the deed from Harding and wife to Maynard and Davis until long after the plaintiff purchased at execution sale. Whatever title Maynard had at the time of the execution sale vested in the plaintiff by the sheriff's deed. Whether he had any equitable interest, or whether such equity was vested in Maynard's wife, it is unnecessary now to inquire. It is sufficient to say that at the time of the execution sale Maynard did not have the legal title to any part of this land. A sheriff's deed operates only on the existing title, and does not pass a subsequently acquired title. When a grantor undertakes to convey to the grantee an indefeasible estate in fee simple absolute, and has not at the time the legal title to the estate sought to be conveyed, but afterwards acquires it, the legal estate so acquired immediately passes to the grantee. (See Wagn. Stat. 135, § 3.) A sheriff can convey only such interest as the defendant has at the time of the sale, and he has no power to undertake to convey a fee simple

absolute when the 'defendant in the execution has no such estate vested in him.

Before the plaintiff can maintain a suit for partition he must first obtain the legal title. As the legal title has not yet been vested in him, he has no standing in court.

Judgment reversed and petition dismissed. The other judges concur.