SARAH E. TICE and PERRY C. TICE, her husband, Appellants, v. A. T. HAMILTON and FRANK FLEMING.

**Division Two, May 16, 1905.**

**EJECTMENT:** **Suit for Improvements: Mortgage: Costs.** Title acquired from the successful plaintiff in ejectment under a deed of trust executed while the suit for improvements was pending, is subject and subordinate to the judgment for improvements subsequently rendered. And judgment for costs is an incident and a part of the judgment for improvements, and a purchaser *pendente lite* is bound by such judgment for costs and takes subject to it just as he does subject to any other part of that judgment.

Transferred from St. Louis Court of Appeals.

AFFIRMED.

*W. E. Barton* for appellants.

The assessment for improvements as pleaded can only be enforced by retaining possession of the land. It is a judgment *in rem.* This under the law, is a proper judgment. Russell v. DeFrance, 39 Mo. 506; Stump v. Hornback, 94 Mo. 31. The deed of trust was given pending the suit for improvements. Plaintiffs therefore assert that they are entitled to the land subject to the assessment for improvements—the judgment *in rem;* but free from the judgment for costs— *in personam,* and submit the following reasoning: "It is unnecessary to cite authorities to sustain the general doctrine that a purchaser *pendente lite* of property actually in litigation . . . will be bound by the decree affecting that property, which may be made against the person from whom he derives title." Turner v. Babb, 60 Mo. 347. The reasoning of all the au-

thorities asserts the converse of this rule, i. e., that the purchaser *pendente lite* is bound by the judgment or decree only so far as it determines some right of, in or to the thing litigated. Dodd v. Lee, 57 Mo. App. 167; Jacobs v. Smith, 89 Mo. 673; 2 Black on Judgments, sec. 550; 2 Pom. Eq. Jur., sec. 632. To hold otherwise would convert proceedings *in rem* and *quasi in rem* into cheap attachment suits.

*James Orchard* for respondent.

GANTT, J.—This is an appeal from a judgment of the circuit court of Texas county, at the November term, 1901.

The appeal was certified to the St. Louis Court of Appeals, and that court transferred it to this court on the grounds that the title to real estate was involved.

The facts upon which this case is bottomed are as follows:

On the 22d day of May, 1889, Perry G. Tice, one of the plaintiffs herein, recovered judgment in ejectment in the circuit court of Texas county against one Frank Fleming for the possession of the southeast quarter of section 25, township 28, range 9 west, and also for the sum of eighty-five dollars and ninety-two cents damages and rents up to the rendition of the judgment, and for three dollars per month rents from the rendition of judgment until restitution should be made of said premises. On the same day Frank Fleming, the defendant in said judgment, filed his suit in said court to recover the value of the improvements made by him in good faith on said lands. On the same day Perry G. Tice, the plaintiff in said ejectment suit and defendant in the improvement suit, executed his note to A. H. Livingston and J. D. Young for sixty dollars, due twelve months after said date, and executed a deed of trust conveying said land to I. N. Vance as trustee, to secure said note, which said deed of trust

was recorded May 23, 1889.    Afterwards at the No-
vember term, 1889, judgment was rendered for said
Fleming against said Perry G. Tice for three hundred
and fifty dollars for the improvements made by him
in good faith on said lands, and it was further ordered
that said Fleming retain possession of said lands un-
til the said sum of three hundred and fifty dollars
should be paid by said Tice, and it was further ad-
judged that said Fleming recover his costs and that
execution issue therefor.

No appeal was taken from either of the foregoing
judgments.    Execution issued for said costs on April
7, 1890, and the sheriff of said county levied the same
on all the right, title and interest of Perry G. Tice
in said lands on the 16th of April, 1890, and on May
27, 1890, said lands were sold and said Fleming became
the purchaser thereof for the sum of twenty dollars
and received a sheriff's deed therefor.    Afterwards on
July 7, 1891, Fleming conveyed said lands to M. H.
Reno, who went into possession and remained on said
lands until September 14, 1891, when the said Reno
conveyed said lands to John T. Alexander who took
possession and retained the same until March 6, 1895,
when he sold said lands to A. T. Hamilton who was in
possession thereof when this suit was commenced. De-
fault was made in the payment of the note of Perry G.
Tice to Livingston and Young and the trustee being
absent, the sheriff of said county as substituted trustee
on November 28, 1899, sold the lands and Sarah E.
Tice, the wife of Perry G. Tice, purchased the same for
one hundred dollars.

Thereupon on February 13, 1900, Mrs. Sarah E.
Tice and Perry G. Tice commenced this suit against
A. T. Hamilton and Frank Fleming, the object of which
is to have an accounting for waste alleged to have been
committed by the defendants Fleming and Hamilton
on said lands and to have the same set off against the
judgment for improvements obtained by Fleming

against Perry G. Tice on November 22, 1889, and to recover the possession of said lands from said Hamilton free and clear of all liens and incumbrances.

It was alleged that possession of said lands had never been delivered by Fleming to Tice under the original judgment in ejectment and no part of the judgment for damages and rents had been satisfied.

The prayer of the petition is that an account be taken of the waste committed by Fleming, Reno, Alexander and Hamilton while in possession of said lands and that it be ascertained as to whether anything, and if so, how much remains unpaid of the judgment for improvements; second, the amount of the judgment in ejectment and accruing rents thereon; that if it be found that the judgment for improvements is unsatisfied and that it exceeds the judgment for rents and damages and waste, it be ordered that upon plaintiff paying the excess, she shall have possession free from all liens and encumbrances.

The circuit court sustained a demurrer to the petition and plaintiffs appeal.

I. As plaintiffs pray for the possession of the land, we think the title to real estate is clearly involved in this action and the St. Louis Court of Appeals properly certified the appeal to this court.

II. These two judgments, the one for Perry G. Tice v. Fleming, for the possession of the land in suit, and the other for Fleming, for the improvements, were before this court in Tice v. Fleming, 173 Mo. 49, wherein the judgment of the circuit court allowing the improvements to be set off against the judgment for damages, rents and profits was affirmed.

The adjudication, however, was not made final in this court until two years after this suit was commenced. It will be observed at the outset that the plaintiffs admit that the deed of trust on the land in suit, under which alone Mrs. Tice acquired any title

thereto, was executed and delivered pending the suit for improvements by Fleming, and, therefore, her claim is subordinate and subject to the said judgment for improvements, but she insists that she took her trustee's deed *free* from the judgment for costs, which was rendered at the same time and as part of the judgment for the improvements. As the predicate of this contention, counsel for plaintiffs, while conceding that the authorities concur in holding that a purchaser *pendente lite* of property actually in litigation will be bound by the decree affecting *that property*, which may be made against the person from whom he derives title, insists that the purchaser *pendente lite* is bound only to the extent that the judgment or decree determines some right of, in or to the thing litigated, and not by the judgment in any other respect.

We think this is too narrow a construction of the rule announced by this court in Carr v. Cates, 96 Mo. l. c. 274, as follows: "A purchase made of property actually in litigation, *pendente lite,* for a valuable consideration, and without any express or implied notice in point of fact, affects the purchaser in the same manner as if he had such notice, and he will accordingly be bound by the judgment or decree in the suit." Now, that the proceeding by a defendant to recover improvements made in good faith prior to his having had notice of the adverse title of the plaintiff in ejectment, is a civil action or proceeding within the purview of section 1547, Revised Statutes 1899, which secures to the prevailing party his costs, there can be no doubt, we think, and while section 3072, Revised Statutes 1899, has been construed by this court not to authorize an absolute judgment for pecuniary recovery, it is a judgment for the value of his improvements, which must be sat-

isfied before the successful plaintiff in ejectment is the prevailing party in the proceeding and is entitled to his costs, and the judgment for costs is an incident of the judgment or decree so entered and must be rendered in favor of the party recovering, and being a part of the judgment the purchaser *pendente lite* is bound by it and takes subject to it just as much as any other part of the judgment or decree.

Mrs. Tice purchased with notice then of the decree for improvements, as the proceeding therefor was pending when the deed of trust under which she asserts title was executed, and the judgment for costs was a valid subsisting judgment on which an execution could and did lawfully issue, and the right, title and interest of her husband Perry G. Tice was sold thereunder to the defendant Fleming by the deed of May 27, 1890, all of which appears on the face of the petition, and it follows that Mrs. Tice acquired no title to the land in suit and the petition states no cause of action, and the judgment must be and is affirmed.

*Fox, J.* concurs; *Burgess, P. J.,* absent.