LOUISA WOOD, Appellant, v. VIOLA OGDEN et al., Respondents.

Kansas City Court of Appeals, April 1, 1907.

1. **EXECUTION: Setting Aside Land Sale: Appeal: Party as Purchaser.** Where on appeal no supersedeas is given and an execution sale takes place a stranger as purchaser takes a good title, notwithstanding the subsequent reversal of the judgment; but where the party plaintiff is the purchaser such rule would not apply, since the parties should be put in the position they occupied before the erroneous judgment was rendered.

2. ——: ——: ——: ——. The fact that the land is knocked off to a stranger, who to keep out of a lawsuit turns his bid over to the plaintiff, will not protect the plaintiff from the above rule.

Appeal from Moniteau Circuit Court.—*Hon. James E. Hazell,* Judge.

AFFIRMED.

*Edmund Burke* and *John Cosgrove* for appellant.

(1)  The appeal without giving a supersedeas bond did not prevent plaintiff from having an execution to enforce her judgment. R. S. 1899, sec. 809; Burgess 164 Mo. 357; McCollum v. Ulen, 92 Mo. App. 384.  (2) The title acquired by appellant by virtue of the sale made by the sheriff of Moniteau county is good and valid, no stay of execution having been ordered and no supersedeas granted. Shields v. Powers, 29 Mo. 315; Castleman v. Relfe, 50 Mo. 588.

*R. M. Embry* for respondent.

The title acquired by a stranger by virtue of a sale made by a sheriff, may be good where no stay of execution is ordered and no supersedeas granted, but the title of appellant acquired at this sale is not on same footing as title of stranger, she being party plaintiff and party of record in the suit. Whiteman v. Taylor & Cadwell Co., 60 Mo. 127.

ELLISON J.—This proceeding is founded on a motion to set aside a sale of land on execution. The court sustained the motion and plaintiff appealed to this court. We certified the cause to the Supreme Court on the ground that the title to real estate was directly involved, but that court held otherwise and remanded the cause.

Plaintiff recovered a personal judgment in the circuit court of Moniteau county against the defendants, Viola Ogden and J. W. Ogden, and the judgment was decreed to be a special lien on a farm of forty acres situated in said county and belonging to defendants. An appeal was taken by defendants and we reversed the

judgment at this term.   [Wood v. Ogden, 121 Mo. App. 668.]

No appeal bond was filed in that case and a short time after the appeal was allowed, plaintiff had execution issued and the sheriff levied it on the farm against which the lien was adjudged.   At the sale defendants' attorney appeared and warned bidders that an appeal was pending and stated that a purchaser at that sale would be buying a lawsuit.   Plaintiff's attorney also was present and assured bidders that as no appeal bond had been given, a purchaser would acquire a good title notwithstanding the pendency of the appeal.   The sheriff then proceeded with the sale and sold the land to the plaintiff who was the highest bidder.   In due time defendants filed a motion to set aside the sale on the grounds that the price was inadequate and that an appeal was pending.

The judgment under which the sale of the land took place having been reversed on appeal and plaintiff being the purchaser thereunder, it follows that the sale to her ought not to stand and that she should restore the land to the defendant, so that the parties may be in the position they occupied before the erroneous judgment was rendered.   When there is no supersedeas and an execution sale takes place and a *stranger* becomes the purchaser, his title is good, though the judgment be afterwards reversed.   But where the party plaintiff in the judgment is the purchaser that rule would not apply [Whitman v. Taylor, 60 Mo. 127; Castleman v. Relfe, 50 Mo. 583; Ables v. Webb, 186 Mo. 245.]

We have had affidavits presented here showing that in point of fact one Wood bought the land at the execution sale, but that not desiring to become involved in the litigation he turned his purchase over to the plaintiff, or permitted her to step into his shoes with the understanding that the sheriff should make deed to her. We cannot see if we should allow any force to these af-

fidavits that it would alter the result. The fact would remain that plaintiff, to all practical purposes, became the purchaser at the sale. But aside, it has been conceded until after the case was submitted in this court, that she was the purchaser and the sheriff's return so shows.

The judgment is affirmed. All concur.