BARBER ASPHALT PAVING COMPANY, Appellant, v. ANNIE CAMP FIELD and RICHARD H. FIELD, Respondents.

**Kansas City Court of Appeals, October 6, 1913.**

1. **TAX BILLS: Jurisdiction: Interest.** In order to confer jurisdiction of the subject-matter on the court in any action to enforce the lien of a special tax bill, the action must have a defendant or defendants who own the land sought to be charged or some interest or estate in it and the judgment can affect only such interest or estate.

2. **——: ——: ——.** An action to enforce the lien of a special tax bill issued under the provisions of the Kansas City Charter is not *in rem* until after jurisdiction of the subject-matter has been acquired by the court in which the action is being prosecuted.

3. **——: Record Owner: Notice.** In a suit to enforce a special tax bill the record owner would be the proper party unless the true owner was known to the holder of the bill. If the owner of the property fails to record his deed, and a tax lien holder brings his action against one who appears to be the owner by the record, not having notice of the title of the real owner, and proceeds to judgment and sale, it will convey the title in a way similar to the instance of one purchasing from the record owner without notice of any other title.

Appeal from Jackson Circuit Court.—*Hon. Thos. J. Seehorn*, Judge.

AFFIRMED.

*Scarritt, Scarritt, Jones & Miller* for appellant.

*Gage, Ladd & Small* and *R. H. Field* for respondents.

JOHNSON, J.—This suit was begun in the circuit court of Jackson county, May 29, 1902, on a special tax-bill issued to plaintiff by Kansas City, September 28,

1897, for paving Tenth street between Broadway and Summit streets. The taxbill was issued against lot 1, block 6, Coates' addition to Kansas City, and the petition alleged that the defendants, Sarah McLean, Annie Camp Field and Richard H. Field, owned, or claimed to own, the land. Subsequently plaintiff dismissed Sarah McLean from the suit and proceeded against the remaining defendants who are husband and wife. They filed separate answers disclaiming any beneficial interest in the land at the time of the commencement of the suit and the answer of Mrs. Field interposed other defenses but in the view we take of the case we do not find it necessary to refer to them. A jury was waived and the court after hearing the evidence rendered judgment for defendants. An appeal was allowed plaintiff to the Supreme Court on the ground that title to real estate was involved in the action but that court ruled that no such issue was involved and transferred the case to this court.

On May 24, 1895, Sarah McLean, who, at the time, resided in California and was the owner of the lot, entered into a written contract with George H. Camp who lived in Georgia, by the terms of which she sold and agreed to convey the lot by proper warranty deed to the said Camp who was the father of the defendant, Annie Camp Field. This contract was acknowledged by Sarah McLean and was filed for record in the office of the recorder of deeds of Jackson county on May 25, 1895. Camp performed the conditions of the contract and on June 1, 1895, Sarah McLean, at his request, executed and delivered to his daughter, Annie Camp Field, a warranty deed to the lot. This deed was acknowledged and filed for record on the date of its execution but was invalid because of its failure to contain a sufficient description of the lot. Acting in the belief that the deed conveyed to her the fee simple title, Mrs. Field, on September 18, 1895, exe-

cuted and delivered to her father a written instrument in which she declared that she held the title to the lot in trust for him. This declaration was not acknowledged or recorded but defendants contend that plaintiff had actual knowledge of its existence. To support this contention evidence was introduced by defendants to the effect that from the date of the purchase of the lot by Mr. Camp to that of the commencement of this suit, the defendant Field, acting as Camp's agent, leased the premises to tenants; that Camp's name appeared in the leases as lessor and that the taxes assessed against the lot were paid by Field as the agent of Camp to whom the tax receipts were issued.

The declaration of trust included other property that the lot in controversy and in March, 1900, was introduced in evidence by defendants in another suit between the same parties then pending in a Federal court over taxbills issued against such other property for a different improvement from that in question. The attorneys who represented plaintiff in that suit were the same as those now appearing for plaintiff and defendants insist that the notice they received of the existence of a declaration of trust affecting lot 1, block 6, Coates' addition to Kansas City, constituted actual notice to plaintiff, their client. On the other hand, one of the attorneys testified that their employment by plaintiff was special and not general and as the present controversy had not arisen at the time of the proceedings in the Federal court, they took no note of a fact wholly irrelevant to the issues in that case or to any other case in which they had been specially employed by plaintiff.

Under date of April 23, 1902, a warranty deed to correct the error in the former deed was executed by Sarah McLean Campbell (nee Sarah McLean) and her husband to Mrs. Field, but this deed was not acknowledged until June 2, 1902, three days after the be-

ginning of this suit. It was filed for record July 2, 1902.

The charter of Kansas City in force at the times of the issuance of the tax bills and of the institution of this suit provided "suits on special tax bills . . . may be brought in any court of competent jurisdiction . . . all or any of the owners of the land charged, or of any interest or estate therein may be made defendants in any suit, but only the right, title, interest and estate of the parties made defendants in any such suit shall be affected or bound thereby, or by the proceedings therein . . . it shall be sufficient for the plaintiff in any suit to plead the making and issuing of the tax bill sued on, giving the date and contents thereof, if any, and to allege that the party or parties made defendants own or claim to own the land charged or some estate or interest therein."

An action to enforce the lien of a special tax bill issued under these provisions is not *in rem* until after jurisdiction of the subject-matter has been acquired by the court in which the action is being prosecuted. [Land & Lumber Co. v. Bippus, 200 Mo. 688.]

In order to confer such jurisdiction the action must have a defendant or defendants who own the land sought to be charged or some interest or estate in it, and the judgment can affect only such interest or estate. The action must fail unless it be prosecuted against a defendant owning some interest or estate in the land (Parkinson v. Meredith, 158 Mo. 457; Parker-Washington Co. v. Kemper Inv. Co., 143 Mo. App. 244), since without such defendant the court could not acquire jurisdiction of the subject-matter. "The chief object in having the owner brought in would seem to be to enable him to contest the validity of the proceedings as a charge upon his property, and to discharge the lien, if he so desires, without sale thereof." [Vance v. Corrigan, 78 Mo. 94.]

"But it has been ruled in similar cases that the record owner would be the proper party unless the true owner was known to the holder of the bill. It seems to be considered that if the owner of the property fails to record his deed, and a tax lien holder brings his action against one who appears to be the owner by the record, not having notice of the title of the real owner, and proceeds to judgment and sale, it will convey the title in a way similar to the instance of one purchasing from the record owner without notice of any other title." [Parker-Washington Co. v. Kemper Inv. Co., supra; Jaicks v. Sullivan, 128 Mo. 177; Vance v. Corrigan, supra.]

Plaintiff claims that at the time of the commencement of this suit Mrs. Field appeared as the record owner of the fee simple title to the land and that plaintiff had no actual notice that she held it in trust for her father. The weakness of this position is apparent. So far as the record discloses, Mrs. Field had no title to any estate or interest in the land. The deed Sarah McLean had executed and delivered to her which she had filed for record was void on its face and, therefore, ineffective to convey any title. That plaintiff so regarded it was manifested by joining Sarah McLean with the present defendants. The record title on the date of the filing of this suit stood in Sarah McLean, subject to the contract of sale between her and Mr. Camp and since that contract had been fully performed by him, she held the legal and he the equitable or beneficial title. In other words, she and not Mrs. Field was the trustee.

The second deed from Sarah McLean to Annie Camp Field, though dated before the filing of this suit, was not acknowledged and recorded until after that date. The presumption must be indulged that it was not delivered and, therefore, did not become operative until after the date of the acknowledgment (Fontaine v. Bank, 57 Mo. 552); and when delivered it did

not relate back to its date or to the date of the void deed, at least, not for the, purpose of imparting vitality to a still born suit.   The doctrine of relation never has been carried to that extent.   [Lumber Co. v. Zeitinger, 45 Mo. App. 114; Land & Lumber Co. v. Bippus, supra; St. Joseph v. Baker, 86 Mo. App. 310; Dickerson v. Bridges, 147 Mo. 235; Wilson v. Fisher, 172 Mo. 10; White v. Davis, 50 Mo. 333; Williams v. Husky, 192 Mo. l. c. 550; Parmelee v. Simpson, 5 Wall. 81.]

These considerations compel the conclusion that since Mrs. Field was not the owner of any interest or estate in the land she was not a proper party defendant and that since her husband, the only remaining defendant, clearly had no interest or estate but was only the agent of Camp in renting the property and paying the taxes, the suit must fail for lack of a proper defendant.

The judgment is affirmed.   All concur.