Odess MITCHELL, Respondent,

v.

W. Frank McCLELLAND et al., Appellants.

Nos. 22549, 22550.

Kansas City Court of Appeals.

Missouri.

Oct. 1, 1957.

O. J. Adams, Kingston, Frank L. Pulley, Cameron, for appellants.

Vernon N. Kneib, Stanley I. Dale, St. Joseph, for respondent.

HUNTER, Judge.

This is an appeal from a judgment rendered April 9, 1956, in a partition suit.

On April 29, 1954, suit No. 3669 was filed in Clinton County by Hooker N. Tospon, administrator of the estate of Florence Doddridge, deceased, against W. Frank McClelland on a promissory note in the amount of $4,178.11. Also, on April 29, 1954, as a result of plaintiff's attachment bond and affidavit in which it was charged that McClelland was about to fraudulently divest himself of his real estate to defraud his creditors which charge we will later examine, a writ of attachment in aid of suit was issued by the Clerk of Clinton County, directed to the sheriff of Caldwell County to attach W. Frank McClelland's lands, etc. Under date of July 9, 1954, the sheriff's return of the writ was that it was served by recording on July 8, 1954, with the Recorder of Deeds of Caldwell County, Missouri, an abstract of attachment of defendant's ⅓ undivided interest in a 180 acre farm located in Caldwell County. On July 19, 1954, judgment was rendered in that case in the sum of $4,178.11 with interests and costs. That same day the judgment was filed with the recorder of deeds' office in Caldwell County.

By two warranty deeds *dated January 25, 1949,* McClelland and his wife purported to deed McClelland's ⅓ interest in the farm to Tinsley Short, brother of Mrs. McClelland, acting as a straw party, who in turn purportedly on the same date deeded it back to McClelland and his wife, as tenants by the entirety. These deeds were not recorded until July 21, 1954.

On January 4, 1954, the instant suit was brought in Caldwell County by Odess Mitchell for partition of the 180 acre farm. On October 4, 1955, she filed an amended petition alleging ownership of the farm to be as follows: Plaintiff (Mitchell) ⅓; defendant Tospon ⅓; and defendant W. Frank McClelland and his wife ⅓, subject to a deed of trust on the interest of McClelland and his wife securing to O. J. Adams, the payment of a note for $500, dated June 15, 1954, and recorded July 21, 1954. Adams was named and served as a party defendant.

On September 17, 1955, Tospon, as administrator of the estate of Florence Doddridge, deceased, intervened and filed a petition to set aside the two warranty deeds as fraudulent and void as against the earlier judgment lien creditor, the Doddridge estate, alleging that the McClellands together with Short and Adams, who prepared the deeds and took the acknowledgments thereon, formed a conspiracy to defraud the judgment creditors out of a valid attachment lien, and requested that the two deeds be set aside; that the farm be ordered sold, and that the ⅓ of the proceeds (representing W. Frank McClelland's interest) of the sale up to the amount of the judgment-lien satisfy the judgment of the estate of Florence Doddridge. On behalf of the estate he also filed a separate answer to plaintiff's amended petition denying McClelland's ownership by entirety and denying Adams interest in the land under his deed of trust.

Apparently in accordance with the wishes of all the parties to the partition suit and by order of court the 180 acre farm was sold to a stranger to this litigation, and ⅓ of the proceeds ($3,578.49) of that sale held for the court's decision.

The case was tried before the court. On April 9, 1956, the court made its findings and judgment as follows:

"That on the Eighth day of July, 1954, at 10:10 a. m., the Estate of Florence Doddridge did cause the Sheriff of Caldwell County, Missouri, to file in the Recorder of Deeds office in and for Caldwell County, Missouri an abstract of attachment validly issued on April 29, 1954, by the Circuit Clerk of Clinton County, Missouri, in the case entitled Hooker N. Tospon, Administrator of the Estate of Florence Doddridge, plaintiff, versus W. Frank McClelland, defendant, Case Number 3669;

"That said Writ of Attachment validly established a lien on the 8th day of July, 1954, and at this time, on the real estate then held by record title in W. Frank McClelland, said real estate in Caldwell County, Missouri, being described as follows: (Description omitted.)

"That said Writ of Attachment was validly obtained in aid of suit in the amount of Four Thousand One Hundred Seventy-eight and Eleven Hundredths dollars ($4,178.11) and interest at the rate of six per cent per annum from December 26, 1951 to date of satisfaction and costs. That the judgment against W. Frank McClelland is wholly unpaid and unsatisfied.

"That defendants, W. Frank McClelland, Maude S. McClelland and Tinsley Short did place of record in the Recorder of Deeds office of and for Caldwell County, Missouri, two deeds of conveyance concerning the above described real estate and said deeds are described as follows:

"*One* dated July 25, 1949 from W. Frank McClelland and Maude S. McClelland to Tinsley Short, filed for record on July 21, 1954 in Book 127 at Page 558.

"*A Second* deed dated July 25, 1949 from Tinsley Short to W. Frank McClelland and Maude S. McClelland filed for record on July 21, 1954 in Book 127 at Page 559.

"That defendants did place a Deed of Trust on record in the Recorder of Deeds office of and for Caldwell County Missouri, concerning above said real estate, deed dated June 15, 1954, in the name of Harry A. Gilbert, Trustee for O. J. Adams, securing a sum of Five Hundred Dollars ($500.-00) as shown in Book 62 at Page 543 and filed July 21, 1954.

"It is therefore adjudged and decreed that the deeds of conveyance recorded in Book 127 at page 588 and in Book 127 at page 559 and the Deed of Trust in Book 62 at page 543 in the Recorder of Deeds office of and for Caldwell County, Missouri, above described, purporting to convey title out of W. Frank McClelland concerning the property in Caldwell County, Missouri, described as follows: (Description omitted) be and the same is vacated, set aside and annulled, and declared of no force and effect.

"It is further adjudged and decreed that one-third of the proceeds of the partition sale effecting the property described above be by the Sheriff of Caldwell County, Missouri, delivered or paid to, and into, the Clerk of the Circuit Court of and for Clinton County, Missouri, to be there applied to the case entitled; Hooker N. Tospon, Admr. of the Estate of Florence Doddridge, plaintiff vs. W. Frank Mc-

Clelland, defendant, Case Numbered 3669."

From this judgment in favor of Intervenor Tospon, Administrator, (respondent-herein), defendants-appellants, McClellands and Adams have appealed to this court.

■ We are met at the outset with respondent's suggestion in his brief that title to real estate is directly involved, and that the Supreme Court has exclusive jurisdiction of this appeal.

However, title to the real estate in question is now in a stranger to this suit as a result of the partition sale. No one questions the validity of that sale or the present ownership of the land. It rests beyond recall in that purchaser. The present dispute concerns ⅓ of the proceeds of the partition sale; namely $3,578.49. In order to determine who is entitled to that money the trial court undertook to determine the validity of an attachment and lien on certain land and in its judgment declared certain deeds and a deed of trust void. In so doing, the court did not affect or change the purchaser's title thereto. It left the present title in status quo. Thus, the only effect of the court's judgment in its final analysis is to determine ownership to ⅓ of the money proceeds of a partition sale, and its other action at most was only incidental to that determination. We necessarily conclude that title to real estate is not involved within the meaning of Art. 5, sec. 3 of the Constitution, V.A.M.S. and this court has jurisdiction of the appeal. Turley v. Matthews, Mo.Sup., 172 S.W. 2d 936; Pursley v. Pursley, Mo.Sup., 213 S.W.2d 291; Burch v. Horn, Mo.Sup., 152 S.W.2d 88, 135 A.L.R. 1063; Leach v. Armstrong, Mo.Sup., 149 S.W.2d 865; Utz v. Dormann, Mo.Sup., 31 S.W.2d 991; Adams v. Adams, 352 Mo. 389, 177 S.W.2d 483.

Turning to the merits of the appeal, both appellants and respondent agree that broadly stated the principal questions to be decided are (1) The validity of the lien respondent claims to have obtained as a result of the attachment proceedings and judgment in suit No. 3669; and (2) whether or not there was sufficient and satisfactory evidence of fraud adduced to support the findings and judgment of the trial court thereon, and of this court, on appeal.

■ Appellant Adams also contends that the validity of the deed of trust, securing his $500 note for alleged legal services, on the undivided interest of W. Frank McClelland and Maude S. McClelland was not assailed by respondent in his intervening petition and was not an issue in the case, and that the trial judge erred in declaring it void notwithstanding no such judgment was requested. Upon examination of the pleadings it is clear that respondent did not charge that this deed of trust was fraudulent and void, and did not ask that it be set aside. Nothing occurred during the trial to make that an issue in the case. While the powers of a court of equity are broad, they are ordinarily limited to the cause of action and issues made by the pleadings. Housden v. Berns, 241 Mo.App. 1163, 273 S.W.2d 794, 797; Witte v. Cooke Tractor Co., Mo. App., 261 S.W.2d 651, 660; Branner v. Klaber, 330 Mo. 306, 49 S.W.2d 169, 180. Therefore, the trial court erred in its judgment in declaring that deed of trust to be invalid.

We next consider appellants McClelland's contention that the evidence was not sufficient to sustain a finding and judgment of fraud and fraudulent conspiracy in connection with the deed of W. Frank McClelland and his wife, Maude S. McClelland, to her brother, Tinsley Short, dated July 25, 1949, and filed for record July 21, 1954, and from Tinsley Short to W. Frank McClelland and Maude S. McClelland dated July 25, 1949, and filed for record on July 21, 1954. Intervenor contends these two deeds purporting to create an estate by the entirety in the McClellands were fraudulent and for the purpose of evading the creditor's lien first obtained on July 8, 1954, when the abstract of attach-

ment was filed and later continued by the judgment obtained in Case No. 3669. Essentially intervenor's position is that these two deeds were not executed in 1949 and thus long before suit No. 3669 was commenced, but rather that they were executed in 1954 after the filing of the suit on the note and the issuance of and obtaining of the attachment in support thereof.

■ Our duty in an equity appeal is to review the proceedings in the trial court de novo on the whole record, make our own findings of fact, draw our own conclusions of law, and render or direct the rendition of such judgment as equity and justice may require, giving proper deference to the findings and conclusions of the trial judge. Held v. Reis, Mo.Sup., 193 S.W.2d 17, loc. cit. 20; Deacon v. City of Ladue, Mo. App., 294 S.W.2d 616, loc. cit. 623.

■■ Respondent as the one asserting fraud and requesting the two deeds to be set aside has the burden of proof as to the fraudulent nature of the conveyances. Balch v. Whitney, Mo.Sup., 273 S.W.2d 497; Castorina v. Herrmann, 340 Mo. 1026, 104 S.W. 2d 297. To satisfy this burden of proof the evidence produced must be clear and convincing. It cannot leave the question to mere suspicion or conjecture. Herrold v. Hart, Mo.Sup., 290 S.W.2d 49; Castorina v. Herrmann, supra. This is so even though the questioned transactions were between husband and wife. Oetting v. Green, 350 Mo. 457, 166 S.W.2d 548.

■ Appellants are aided somewhat by the rebuttable presumption that a deed is delivered on the day of its acknowledgment. Breshears v. Breshears, 360 Mo. 1057, 232 S.W.2d 460, loc. cit. 462. Gerardi v. Christie, 148 Mo.App. 75, 91, 127 S.W. 635, loc. cit. 639. This presumption prevails unless it is overcome by evidence to the contrary. Jefferson County Lumber Co. v. Robinson, Mo.App., 121 S.W.2d 209, loc. cit. 212.

· [8] Respondent's evidence on the question came from the two McClellands and Adams whom he called as witnesses. All three testified that the deeds were actually executed, as dated, on July 25, 1949. Adams testified that he had prepared the two deeds about July 25, 1949; that they were executed on that date and were retained by him in his office safe until shortly before they were recorded. His explanation is that he had left his notary seal at Kingston and took them to Kingston where he affixed his seal. Mrs. McClelland was to pick them up there at his office at a convenient time but failed to do so. In July, 1954, in looking through some old papers in his safe he chanced on to them and gave them to Mrs. McClelland about the date they were recorded. She told him she had forgotten and neglected to pick them up. Adams also testified he had filed this partition suit for Odess Mitchell in January, 1954, in which petition it was alleged that title to the ⅓ interest in the property in question was in W. Frank McClelland. He explained that in his haste in preparing the petition he used an earlier deed showing ownerships in the land and "it didn't occur to me at that time the suit was filed these deeds (McClellands to Short to McClellands) had been made. Q. In other words, you didn't remember them? A. No, I didn't remember them at that time. I remembered afterwards and when I found it, why, we filed an amended petition setting up the fact." He also testified that although he acted as notary public in taking the acknowledgment of these two deeds he did not keep a record of instruments he acknowledged from time to time.

McClelland testified that the two deeds were executed on July 25, 1949, and that they just neglected to have them recorded. His wife had from her earnings as a school teacher from time to time given him money, and the reason for placing the title in their joint names in 1949 was so that she would own the propery with him and have it if anything happened to him.

Mrs. McClelland's testimony was substantially to the same effect as her husband's. She stated that prior to July 25, 1949, she and her husband many times had

discussed the advisability of joint ownership of the land and had consulted Mr. Adams concerning it. She had been teaching for the past 35 years and had used her money for family expenses during that time. There was no particular discussion of the matter in Mr. Adams' office at the time the deeds were executed on July 25, 1949. She was supposed to pick the deeds up from him and have them recorded. Partly through neglect and partly for some reason she couldn't or wouldn't recall she left them with Adams for the nearly five year period.

■■■■ As shown by this record, there is no evidence that the two deeds had not been executed in 1949 and thus long before the instant suit and claimed lien commenced. There is no evidence they were executed at a later date. Certainly there is no evidence to support a finding that the two deeds were fraudulently executed on or after July 8, 1954, to defeat a lien-creditor. We acknowledge that the circumstances might cause suspicion. We can well understand respondent's and the trial court's reaction to them. However, the law is well established that suspicion alone is not sufficient and is not a substitute for the evidence needed to satisfy intervenor's burden of proof on this issue. Herrold v. Hart, Mo. Sup., 290 S.W.2d 49, 55. Castorina v. Herrmann, supra. In so saying we are cognizant of the rule that fraud may be proven by circumstantial evidence if that evidence affords a clear inference of fraud and otherwise meets the burden of proof. Herrold v. Hart, supra; Conrad v. Diehl, 344 Mo. 811, 129 S.W.2d 870; 37 C.J.S. Fraud § 115, p. 436. And that a concurrence of circumstances, or of so-called "badges of fraud" may warrant an inference of fraud, although each such circumstance may, in itself, be trivial. Matz v. Miami Club Restaurant, Mo.App., 108 S.W.2d 975, 979; Basman v. Frank, Mo.Sup., 250 S.W.2d 989, 994; Toomay v. Graham, Mo.App., 151 S.W.2d 119, 125. As indicated, we are convinced upon the whole record in this case that respondent has failed to sustain his

burden of proof on the issue of fraud and conspiracy to defraud.

In view of our decision that respondent failed to carry his burden of proof it becomes unnecessary to consider other allegations of error raised by appellants.

The case is reversed and remanded to the trial court with directions that it enter its judgment in accordance with the views expressed herein.

All concur.