**R. L. S., Appellant,**

v.

**J. E. S., Respondent.**

**No. KCD 27305.**

Missouri Court of Appeals, Kansas City District.

March 31, 1975.

Robert Beaird, Kansas City, for appellant.

Douglas H. Delsemme, Knipmeyer, McCann, Fish & Smith, Kansas City, for respondent.

Before WASSERSTROM, P. J., and SHANGLER and DIXON, JJ.

WASSERSTROM, Presiding Judge.

In 1971, the plaintiff husband was awarded a divorce and the custody of three minor sons. On the same day another couple became divorced, with the defendant wife being awarded the custody of the one son born of that marriage. Thereafter, the plaintiff in this case married the defendant in the other case, and the defendant here married the plaintiff in the other case. This new alignment of spouses gave the plaintiff here and his new wife custody of all four children, while the defendant and her new husband had none.

In 1973, the defendant wife filed in this case a motion to modify the divorce decree by changing the custody of all three of her sons to her. After an evidentiary hearing, the trial court entered an order changing the custody of the two youngest children to defendant. Promptly thereafter plaintiff filed a motion to reopen the proceeding; and upon a renewed hearing, he introduced evidence showing that the youngest son suffered from a learning disability and would incur serious emotional disturbances if uprooted from his established environment. In view of this new evidence, the trial court modified the previous order by awarding to the wife custody of the two oldest sons.

The husband appeals on the single ground that defendant failed to present sufficient evidence to authorize any change in custody. This contention requires a review of the evidence as to the events which followed the two divorces and the subsequent exchange of spouses.

In 1972, plaintiff and his new wife moved with all four children to Tulsa, Oklahoma. On May 24, 1972, all four of the parents entered into a stipulation, approved by a court order, agreeing that this move might be made and that defendant and her new husband would have visitation rights one weekend per month and a two-week custody period in the summer. Defendant testified that she had encountered some problems with respect to visitation before the children moved to Tulsa, but her testimony indicated that these problems intensified after the removal. She testified that in attempting to visit the children in Oklahoma, she was not able to exercise visitation in accordance with the court's order; that she was not allowed to pick up the children at plaintiff's home; she was not able to see the children participate in any school activities at their school; that she had problems receiving reports on the children's school progress and had trouble reaching them by telephone.

Defendant's present husband corroborated the foregoing testimony. He testi-fied that excuses were made that the children could not see defendant in Oklahoma and no alternative provisions were made for visitation. He further testified that in the course of disputes over visitation rights, plaintiff had threatened him personally with physical harm. Plaintiff himself admitted having gotten angry several times, and he also admitted that defendant had not been permitted to pick up the children at plaintiff's home. When asked by his counsel what his future conduct would be, plaintiff responded: "I'm glad we have got it out in the open. I understand it now."

■ The evidence outlined justified the trial court in finding that there was a sufficient change of condition as to warrant a modification in the custody provisions. It clearly appears that plaintiff and his present wife followed a course of conduct which frustrated defendant in her efforts to be with her children pursuant to the visitation rights accorded by the decree. Numerous cases in this state have announced the rule of law that an interference by a parent with decretal rights of visitation by the other is a factor to be considered in determining the welfare of a child and that "interference with or deprivation of decretal rights constitutes a changed condition which may justify and require a modification." P_____ D_____ v. C_____ S_____, 394 S.W.2d 437, 446 (Mo.App. 1965) and cases cited therein; Lipsey v. Lipsey, 464 S.W.2d 529, 534 (Mo.App.1971) and cases cited therein; Green v. Perr, 238 S.W.2d 924 (Mo.App.1951).

■ In view of that rule of law, the judgment of the trial court here was not clearly erroneous. Therefore, under Rule 73.01(d), V.A.M.R., as it formerly specifically provided, the modification order here would have to be affirmed. The revision of Rule 73.01, which became effective January 1, 1975, does not change this result. The rule as revised eliminates the provision that "[t]he judgment shall not be set aside unless clearly erroneous"; but it still

provides that appellate review of a court tried case shall be "as in suits of an equitable nature." The nature of review in equity cases has historically demanded that due deference be given to the findings and conclusions of the trial chancellor, and that this rule of deference not be ignored "unless the evidence is palpably insufficient to sustain the findings." Held v. Reis, 193 S.W.2d 17, 20 (Mo.1946); Mitchell v. McClelland, 306 S.W.2d 75, 79 (Mo.App. 1957); Maas v. Dreckshage, 244 S.W.2d 397, 400 (Mo.App.1951). Under that standard, deference must be accorded to the trial judgment here.

Affirmed.

All concur.